[No. 8841.]

The People v. Brown.

County Clerk—*Salary*—*Fees.* The provisions of sec. 2838 of chapter 167 of the Laws of 1909 is in conflict with sec. 15 of art. XIV of the Constitution. *El Paso County v. Sheldon,* 59 Colo. 499, followed. (127.)

*Error to Arapahoe District Court.* Hon. H. P. Burke, Judge.

Mr. Samuel W. Johnson, and Mr. Charles E. Friend, for plaintiff in error.

Mr. Frank McLaughlin, for defendant in error.

Mr. Justice Garrigues delivered the opinion of the court.

Defendant in error, Brown, was County Clerk and Recorder of Arapahoe County during the years 1911 and

1912, and as such, under the statute fixing the compensation of county clerks, was entitled to and received the full amount of $2,100.00 out of the fees of the office provided by law, as his salary. In addition to this salary he collected in fees for the issuing of hunting and fishing licenses, $457.00, retaining twenty-five cents of each dollar thereof, amounting to $114.25, as his personal compensation in addition to his regular salary, claiming that he was entitled thereto under and by virtue of the provisions of section 2838 of chapter 167, S. L. 1909, which provides:

"When a license is issued by a County Clerk, the fee shall be the same as if issued by the commissioner, and 25 cents thereof shall be for the personal compensation of such clerk for filing the application, issuing the license, keeping a record thereof, making a report, and all other services connected therewith, and shall be in addition to any other salary or compensation, the remaining 75 cents to be remitted to Fish and Game Commissioner."

Demand having been made upon him by the county to turn this amount of excess fees collected into the county treasury, and he having refused, this action was brought to recover the same. A general demurrer to the answer was overruled and the county refusing to plead further, judgment of dismissal was entered against it, and the case is here on error.

We deem it unnecessary to go into all the matters pleaded in the answer. There can in any event be but one question involved, viz.: Where the County Clerk has received all his salary fixed by statute, out of the fees collected, whether that is his sole compensation, and whether any attempt by the legislature to allow him more than this regular salary by giving him in addition, or allowing him to retain as his personal compensation one-fourth of the fees collected for fishing and hunting li-

censes is in violation of section 15, article XIV, of the Constitution.

The Constitution provides that where salaries for county officers are provided, the same shall be payable only out of the fees actually collected, in all cases where fees are prescribed, and that all fees, perquisites and emoluments above the amount of such salaries shall be paid into the county treasury. In *El Paso County v. Shelden*, 59 Colo. 499, 149 Pac. 616, we held that the salary of the County Clerk payable out of the fees of the office, is limited by statute to a definite sum—in the instant case $2,100.00—and that any statute attempting to allow him to retain any fees collected in addition to the regular salary, as his personal compensation, was in violation of section 15, article XIV, of the Constitution. The compensation of the County Clerk cannot be increased in this way. If the legislature wishes to increase such salary, it must pass a statute for that purpose. We therefore are of the opinion in this case that the County Clerk was not entitled to keep that portion of such fees collected over and above his regular salary of $2,100.00, but was required to pay all such excess fees into the county treasury, and any statute purporting to allow him to retain such fees in addition to the regular salary of $2,100.00, is unconstitutional and void.

The judgment of the lower court will be reversed and the cause remanded with directions to enter judgment for the county in the sum of $114.25.

*Reversed and remanded.*

Mr. Justice White and Mr. Justice Scott concur.