No. 10,836.

BOARD OF COMMISSIONERS OF CLEAR CREEK COUNTY v. STRAUB.

Decided June 2, 1924.

Action involving the amount and method of payment of a sheriff's salary. Judgment for Sheriff.

*Reversed.*

1. OFFICERS—*Fees and Salaries—Constitutional Law.* Section 1, chapter 73, S. L. '17, providing that sheriffs shall receive an annual salary payable out of the general fund of the county, held to violate section 15, article XIV of the Constitution de-

claring that such salaries shall be payable only out of the fees actually collected.

*Error to the District Court of Clear Creek County, Hon. Samuel W. Johnson, Judge.*

Mr. J. W. B. SMITH, for plaintiff in error.

Mr. F. L. COLLOM, for defendant in error.

*En banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THE question for determination is whether a county sheriff is entitled to have his salary, which is fixed by the general assembly in a lump sum, paid only out of the aggregate amount of fees, commissions and emoluments earned and collected by him and turned into the county treasury, or from the general fund of the county, irrespective of such aggregate sum.

The case was submitted to the trial court upon an agreed statement of facts. The sheriff of Clear Creek county was elected in 1916. His annual salary by the statute then in force was fixed at $2,300, payable quarterly out of the fees, commissions and emoluments of his office and not otherwise. This was the compensation and method of payment for counties in division A, of the fourth class, to which Clear Creek county belongs. During the sheriff's term of office the General Assembly, in 1917, amended the act which was in force at the time he was elected and qualified, in which it provided the same salary, $2,300, for counties of the fourth class, division A, that the amended act fixed, and further provided that this salary was to be paid in twelve equal monthly installments out of the general fund. It will be observed that the same salary was provided in each of these acts, the only difference being that in the earlier act the sheriff's salary was to be paid quarterly out of his fees, commissions and emoluments, and not otherwise, while in the later act the salary was to be paid in monthly installments, out of the general fund of the county. The decision of the district court in favor

of the sheriff was based upon the proposition that the later act, by providing that payments shall be out of the general fund, did not thereby increase the salary of the officer, the same salary being provided in the original act and in the amended act. The court said that this was only another method provided for the payment of salary which had been fixed before the sheriff entered upon his office, and rendered judgment accordingly. The county is here with its writ of error to review that judgment.

The contention of counsel for the county is that this statute, if retroactive, is unconstitutional in that it increases the salary or emoluments of a public officer after his election and is, therefore, inhibited by section 30 of article V of our Constitution; and is also in conflict with section 15 of article XIV of the Constitution, which declares that where the salary of a county officer is provided, "the same shall be payable only out of the fees actually collected in all cases where fees are prescribed", and that "all fees, perquisites and emoluments above the amount of such salaries, shall be paid into the county treasury."

This court has had before it cases involving the constitutionality of acts which it held invalid under section 30 of article V, providing an increase or decrease of a salary of a public officer after election or appointment. *Carlile v. Henderson,* 17 Colo. 532, 31 Pac. 117; *Henderson v. County of Boulder,* 51 Colo. 364, 117 Pac. 997. In Wyoming the decision of its courts is the same as ours. *Board of Comm'rs. v. Burns,* 3 Wyo. 691, 29 Pac. 894, 30 Pac. 415; *Nickerson v. Winslow,* 22 Wyo. 259, 138 Pac. 184, 140 Pac. 834. The Constitution of California is similar, and the decisions there are likewise in harmony with ours. *Williams v. Garey, Co. Auditor,* 19 Cal. App. 769, 127 Pac. 825; *Smith v. Mathews,* 155 Cal. 752, 103 Pac. 203.

Counsel for the county further contends that the 1917 statute should be held to be prospective only and not retroactive, and, therefore, not applicable to the present controversy. Almost the entire brief of the counsel for the sheriff consists in the effort to demonstrate that the 1917

act does not increase the salary of the officer, but merely provides a different method of payment, or a different fund out of which the salary is to be paid. A number of cases from other jurisdictions are cited which are supposed to support his contention. However that may be, and without expressing an opinion as to whether the statute is limited to sheriffs elected after the 1917 act took effect, we think that if the same is retroactive, as it is said to be by the sheriff, it is invalid under section 15 of article XIV of our Constitution. This has already, in effect, been decided by this court in *El Paso Co. v. Shelden,* 59 Colo. 499, 149 Pac. 616, and in *People v. Brown,* 62 Colo. 125, 160 Pac. 1038. Counsel for the sheriff, however, says that the only thing decided in each of these cases is that the general assembly could not give to a county officer, over and above his regular fixed salary, any part of the fees prescribed for the office and collected by him. Those specific questions were there determined, and this court in each of the cases rested its decision upon the effect and meaning of section 15, of article XIV. In the Shelden case it was contended that the amendment of section 8 of article XIV of the Constitution, made in 1902, qualified section 15 of the same article by the provision in section 8 that: "such officers shall be paid such salary or compensation, either from the fees, perquisites and emoluments of their respective offices, or from the general county fund, as may be provided by law." The court said that there was nothing in said section 8 which indicated any purpose or intention to amend section 15; that there was absolutely no conflict or inconsistency between these two constitutional provisions, and further said: "The clear meaning of these two sections taken together, is, that if fees are prescribed and a salary fixed, the salary must be paid out of fees collected, and that all fees, perquisites and emoluments above the amount of such salary must be covered into the county treasury." The court further said, as to Section 15: "It is manifest that the purpose of this section is to limit the pay of officers having fixed salaries

to definite and certain sums, payable periodically. * * *
But in view of section 15, the legislature could not, where
salaries are fixed, payable out of fees actually collected,
add thereto in fees of an uncertain and varying amount,
at the same time leaving the salary statute itself unmodi-
fied and in full force and effect.  The prime purpose of this
constitutional provision is, where salary is fixed for a
county officer, payable out of fees, to have that the sole
compensation for his services."

In the Brown case the court said:  "The Constitution
provides that where salaries for county officers are pro-
vided, the same shall be payable only out of the fees actu-
ally collected, in all cases where fees are prescribed, and
that all fees, perquisites and emoluments above the amount
of such salaries shall be paid into the county treasury."

While it is true that in both these cases the court said,
and that was the specific question before it, that all fees,
etc., collected by a public officer in excess of the amount
of the fixed salaries should be covered into the treasury,
this was because by section 15 of the officers whose sal-
aries were fixed by the General Assembly are to be paid
only out of the fees, perquisites and emoluments prescribed
and actually collected and paid into the treasury by them.
The converse of the proposition, involved in the Shelden
and Brown cases, is necessarily true, that where the
amount of the fees, perquisites and emoluments actually
collected and turned into the treasury, are less than the
amount of the fixed salaries, no further payment out of
the general fund of the county, or otherwise, could be au-
thorized by the General Assembly.  An act purporting to
confer such authority upon county commissioners would
be clearly unconstitutional and void under the plain and
unambiguous language of section 15 of article XIV, which
says that when fees are prescribed and salaries provided,
the salary shall be payable only out of fees actually col-
lected in all cases where fees are prescribed.  The further
provision that the fees, etc., above the amount of the sal-
ary, shall be paid into the county treasurer, necessarily

implies that when the fees, etc., actually collected and paid into the treasury are less than the amount of the salaries, no further compensation than such fees for the officers can be made. The attempt to do so by the Act of 1917, if such be its purpose, by providing the same salary for a county sheriff that the previous act thus amended fixed, and further providing that the salary should be paid out of the general fund, would be a mere subterfuge and a clear evasion and infringement of the Constitution, since salaries have been provided for sheriffs and fees have been prescribed for his services. Salaries, therefore, are to be paid him out of fees, etc., actually turned into the treasury, and not otherwise.

The judgment is wrong and it should be reversed and the cause remanded to the district court, with instructions to dismiss the action.

MR. JUSTICE BURKE dissenting. Following *El Paso County v. Shelden,* 59 Colo. 499, 149 Pac. 616, and *People v. Brown,* 62 Colo. 125, 160 Pac. 1038, I do not think any conclusion can be reached other than that announced by Mr. Justice Campbell in the foregoing opinion. However, my conclusion is that those judgments are wrong, and that the authorities ought now be overruled. For that reason only I dissent.