# Wytheville.

JAMESON V. HUDSON.

JULY 10th, 1886.

1. COUNTY COURT JUDGES—*Vacancies—Term.*—A judge of a county court, elected to fill a vacancy, is elected not for a full term of six years, but for that portion of the constitutional term of six years that may not have expired. The words "term of office" refer to *the tenure or duration of the office,* and not to the incumbent.

2. IDEM—*Case at bar.*—Pulaski having less than 8,000 inhabitants, and being, therefore, attached to Wythe, one judge was elected to hold the office of judge in both of those counties for a term of six years, which began January 1, 1880, and ended December 31, 1885. When Pulaski was separated from Wythe in 1882, only a portion of that term had expired. H. A. Jameson was elected to hold the office of county judge of Pulaski for the remainder of that term, and Isaac Hudson was elected to hold that office for the next ensuing term of six years. Upon petition of Jameson, filed after 31st December, 1885, for a peremptory *mandamus* to compel Hudson to surrender that office to the petitioner—

HELD :

The *mandamus* must be denied.

Upon the petition filed in June, 1886, to this court, by Hon. H. A. Jameson, who was elected in 1882 to hold the office of county judge of Pulaski county for the remainder of the term, which ended 31st December, 1885, for a writ of peremptory *mandamus* to compel Hon. Isaac Hudson, who had been elected to fill that office for the term of six years next ensuing, to surrender that office to the petitioner.

*I. H. Larew* and *W. S. Poague*, for the petitioner.

*Walker & Wysor*, for the respondent.

HINTON, J., delivered the opinion of the court.

This is a contest between the Hon. H. A. Jameson and the Hon. Isaac Hudson, for the office of county judge of Pulaski county. The facts of the case, as disclosed by the record, are these:

In April, 1882, the county of Pulaski, which then had eight thousand inhabitants, was separated from the county of Wythe and declared to be entitled to a judge of its own. Thereupon the Hon. H. A. Jameson was duly elected and commissioned as county judge of said county, and he thenceforward discharged the duties of the office until the 4th day of January, 1886, when the Hon. Isaac Hudson, who had been elected on the 31st day of December, 1885, to the same position by the legislature, took possession of the office, and proceeded to exercise all the functions thereof.

It will thus be at once seen that the point to be decided in this case depends entirely upon the length of time for which Judge Jameson was elected to hold the office. And this question, we apprehend, is freed of all difficulty by various adjudications of this court, to which we shall now briefly refer.

In the first case which arose under the present Constitution, *In re Broadus*, 32 Gratt. 782, the then president of this court, the venerated Judge R. C. L. Moncure, held, in an opinion remarkable for its vigor and clearness, that the terms of the county judgeships had definite and fixed beginnings and endings; that the first term of three years commenced on the 1st day of January, 1871, and ended on the 31st day of December, 1873; that the next term of six years commenced on the 1st day

of January, 1874, and ended on the 31st day of December, 1879; and that the succeeding term of six years commenced on the 1st day of January, 1880, and ended on the 31st day of December, 1885. He also held in that opinion that the clause in section 22 of Article VI of the Constitution, which provides that the judges "shall discharge the duties of their respective offices from their first appointment and qualification under this Constitution until their terms begin," applied to those county judges only whose judicial terms were to commence on the 1st day of January, 1871; and in this opinion Judge Anderson concurred.

The correctness of this construction, it is true, was denied by a majority of the court in the cases of *ex parte* Meredith, Bland & Giles Co. Judge Case, and *Estes* v. *Edmondson,* reported in 33 Grattan; but these cases must be regarded as overruled, and as not containing the correct doctrine upon these points. In *Burks* v. *Hinton,* 77 Va. R. 1, these same provisions of the Constitution came again under review, when this court, upon great consideration, deliberately adopted the construction which had been previously put upon them by Judges Moncure and Anderson, and in that case, Judges Lacy and Richardson, in opinions, evidencing both research and ability, demonstrate in the most convincing manner the perfect soundness of that construction. That case has been followed by other cases in this court, and in all of them the same interpretation is put upon these provisions of the Constitution. *Howison* v. *Weedon,* 77 Va. R. 708; *Watlington* v. *Edmondson,* 10 Va. L. J. 286. And by these repeated decisions this construction has been so firmly established as the proper one, that we cannot allow it to be again questioned.

In the case of *Foster* v. *Jones,* 79 Va. R. 643, we held that it was competent for the Legislature to curtail the territorial jurisdiction of a county judge, by taking from him one of the

counties comprising his district, provided, the county or counties which were left him contained at least eight thousand inhabitants.

Now, from the views announced in the foregoing decisions, it inevitably follows that a judge of a county, who has been elected to fill a vacancy, is elected not for a full term of six years, but for that portion of the constitutional term of six years that may remain—that is, may not have expired. The fallacy in the argument of those who maintain the opposite doctrine, lies in the assumption that the words "term of office" necessarily refer to the incumbent; whereas—the fact is, that when the terms of the different classes of judges begin and end at definite periods, as they do under our Constitution—those words refer to the *tenure* or *duration of the office.*

Now, by the express mandate of our Constitution there must be a county court in each county of the Commonwealth, which is to be held by a judge learned in the law of the State, and who shall be known as the county court judge; but, for the sake of economy, where a county has less than eight thousand inhabitants, it must be attached to adjoining counties, when the judgeships of all these counties must be filled by one and the same person.

Under this provision of the constitution, the county of Pulaski, which had less than eight thousand inhabitants, was attached to the county of Wythe, which had more than that number, and, accordingly, a judge was elected to hold both offices for a term of six years. That term, by virtue of the constitutional provision, commenced on the 1st day of January, 1880, and ended on the 31st day of December, 1885; when, therefore, Pulaski county was separated from the county of Wythe in 1882, only a portion of that term had expired; and when the Hon. H. A. Jameson was elected, the right to hold the office for the remainder of that term attached to him,

and it was all that could attach; for, as we have seen, there is no such thing known to our Constitution as a term of office separate and distinct from the term which we have described.

This result will perhaps be made clearer if we suppose the former judge of Wythe and Pulaski to have died before these counties were separated, when it will be seen that if, as we hold, the term for which such judge was elected had a fixed and definite beginning and end, there would of necessity be an unexpired term as to each of these county judgeships, and of course the person who should be elected as successor to the deceased judge would succeed to the unexpired term of each judgeship. The same result as to the Pulaski judgeship will equally follow when the vacancy is caused by the separation of the counties and not by the death of the incumbent.

As, therefore, the unexpired term for which Judge Jameson was elected ended on the 31st day of December, 1885, and his right to hold the office ceased upon the qualification of his successor, the Hon. Isaac Hudson, it follows that he is not entitled to the writ of peremptory *mandamus* for which he prays, and the same must be denied, the rule be discharged, and his petition dismissed.

LEWIS, P., dissented.

MANDAMUS DENIED.