THE BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF ATLANTIC AND LEVI C. ALBERTSON, COUNTY COLLECTOR, RELATORS, v. EDWARD S. LEE, RESPONDENT.

Argued June Term, 1908—Decided September 5, 1908.

The act (*Pamph. L.* 1906, *p.* 76) which changed the compensation of certain county officers from a fee to a salary basis, provided that the act should take effect "at the expiration of the terms of office of the present county clerks" and other officers. *Held,* that the act went into effect upon the death of a county clerk before the expiration of the term of five years for which he was elected.

On demurrer to a writ of *mandamus*.

Before Justices REED, BERGEN and VOORHEES.

For the relators, *Enoch A. Higbee* and *Harry R. Coulomb.*

For the respondent, *Bourgeois & Sooy.*

The opinion of the court was delivered by

REED, J.     This is a demurrer to an alternative writ of *mandamus.*

The writ commands Edward S. Lee, the present clerk of Atlantic county, to collect, for the sole use of the board of chosen freeholders of Atlantic county, as public moneys belonging to the said board, all fees, costs, perquisites, &c., which the said Lee may receive for any official act or service rendered by him as said county clerk.

The command of the writ is based upon the assumption that the official conduct of Mr. Lee toward the relators is controlled by the provisions of the act of 1906 (*Pamph. L., p.* 76), the purpose of which act is to put all county clerks upon a salary, and to impose a duty upon such officers to keep an account of all fees and perquisites received by them, to make a statement thereof monthly to the county collector, and to pay over the same to that officer by monthly payments.

The demurrer challenges the right of the collector to receive such money upon the ground that the act of 1906 is not yet operative so far as respects the official conduct of Mr. Lee. This position of the demurrant is grounded upon the language of section 5 of the act of 1906. The clause of section 5 invoked by the demurrant is as follows: "This act shall take effect so far as respects said offices at the expiration of the terms of office of the present surrogates, registers of deeds and mortgages, county clerks and sheriffs, respectively."

The question propounded by this insistence is whether the term of office of the clerk of Atlantic county, in office on March 30th, 1906, the date of the approval of the statute, has expired.

The facts are these: Lewis P. Scott was elected to the office of county clerk of Atlantic county at the general election held in November, 1905. He died in November, 1907. Edward S. Lee, the present incumbent, was appointed by Governor Stokes, on December 6th, 1907, to fill the vacancy caused by the death of Mr. Scott. Mr. Lee claims that notwithstanding the death of Mr. Scott, his term of office did not expire until December, 1910. This claim is based upon the language of article 7, section 2, paragraph 6, of our constitution, the language of which is: "The clerks and surrogates of counties shall be elected by the people of their respective counties, at the annual election for members of the general assembly, and shall hold their offices for five years."

Inasmuch as Mr. Scott was elected and, by the constitution, was to hold his office for five years, it is argued that the words "expiration of term of office" meant the expiration of the five years following Scott's election.

The words "term of office" may, in a sense, be used to indicate the statutory period for which an officer is elected. We speak of the term of office of the president of the United States; the term of office of the governor of the state, meaning that the first was four years and the latter three years; but the words "term of office" may also mean a period much shorter than that for which the particular officer was elected. His term of office may be terminated before the expiration of the statutory period for which he was elected by impeachment, or resignation, or death of the particular officer. The happening of these contingencies are implied limitations upon the right of the elected officer to continue in office for the period for which he would otherwise be entitled to hold. When such a contingency occurs the officer's term expires; there is a vacancy, and upon the appointment or election to fill the vacant office, the term of another officer begins. To assert that a term of office of an impeached or deceased officer continues, is to assert that there may be two terms of office running together, although the office can be filled by only a single person.

The purpose of the fifth section of the act of 1906 is

manifest. It was to preserve to those officers who were then in office those perquisites which, when they accepted the office, they had a right to expect would remain as compensation for their official services for the period for which they were elected or appointed. The force of the section was to limit the operation of the act to those officers who should thereafter accept an election or appointment with the knowledge of the change in the method of official compensation.

The construction of the act insisted upon by the demurrant would be to preserve the right to all the perquisites to any officer, whether in office at the date of the approval of the act, or whether since elected or appointed during the five years for which Mr. Scott was elected. Had the proviso provided that the act should take effect at the expiration of the term for which the then present clerk was elected, there might be a question as to the meaning of the proviso; but in view of the purpose of the legislation, there seems to be no question that the words "term of office" was the term during which the then present clerk was entitled to receive compensation for his services. When Mr. Scott died it terminated his official life, and the period of his official life was his term of office. When Mr. Lee was appointed he began a new term, not as legatee of Mr. Scott, but by a distinct appointment to a vacant office.

There should be a judgment for the relators.