ST. LOUIS & S. F. R. CO. v. LANGER *et al.*

No. 1988. Opinion Filed November 14, 1911.

(119 Pac. 126.)

**RAILROADS—Stopping Interstate Train at Junction—Reasonableness of Order—Appeal.** Where an order of the Corporation Commission, requiring an interstate train to be stopped on flag at a junction point or station, appears to be desirable for the public and necessary for the public convenience, and proper and adequate facilities are not otherwise afforded for such point, its size and importance being considered, in connection with the service required on account of it being a junction point, the same will not be disturbed on appeal.

(Syllabus by the Court.)

*Appeal from Order of Corporation Commission.*

Petition of A. J. Langer and others before Corporation Commission for requiring the St. Louis & San Francisco Railroad Company to stop at a certain flag station. From the order of the Corporation Commission, the railroad company appeals. Affirmed.

*W. F. Evans* and *R. A. Kleinschmidt,* for appellant.

*C. J. Davenport,* for appellees.

WILLIAMS, J. A petition was filed by the appellees before the Corporation Commission, praying that the appellant be required to stop on flag at Davenport station certain trains, to wit, Nos. 407 and 408. After the hearing, said trains were ordered to be stopped as prayed for.

The Atchison, Topeka & Santa Fe Railway line intersects that of appellant at said station, which has a population of about 800 people. The order of the Commission should not be disturbed by this court, unless it is unjust and unreasonable. *M., K. & T. Ry. Co. v. State,* 24 Okla. 331, 103 Pac. 613; *C., R. I. & P. Ry. Co. et al. v. State et al.,* 24 Okla. 370, 103 Pac. 617, 24 L. R. A. (N. S.) 393; *A., T. & S. F. Ry. Co. v. State et al.,* 23 Okla. 210, 100 Pac. 11, 21 L. R. A. (N. S.) 908; *Id.,* 23 Okla.

510, 101 Pac. 262; *K. C., M. & O. Ry. v. State,* 25 Okla. 715, 107 Pac. 912; *Ft. Smith & W. R. Co. v. State,* 25 Okla. 866, 108 Pac. 407. It does not appear that the stopping of said trains on flag for the putting off or taking on of passengers would result in severe detriment and hindrance to interstate traffic. It is insisted, however, that if the appellant is required to stop trains at this junction it may be required to stop the same at like or similar points, eventually resulting in hindering interstate traffic.

Under the exercise of the police power, the appellant may be required to afford adequate facilities for the local or intrastate passengers. The Commission found that at such junction point the trains that are stopped by appellant for the purpose of putting off and taking on passengers do not afford adequate facilities for such purpose. Such finding comes to this court with the presumption of being correct, just, and reasonable, and we are not permitted to disturb the same until the contrary affirmatively appears.

We do not understand that the Commission required said trains to be stopped solely because it is a junction point. To arbitrarily require interstate trains to stop at a junction point, solely because it was such, or at all junction points within the state, would be such an interference with interstate commerce as is not permitted under the decisions of the Supreme Court of the United States, which are controlling on this court. *Herndon v. C., R. I. & P. R. Co.,* 218 U. S. 135, 30 Sup. Ct. 633, 54 L. Ed. 970.

It must be understood that we do not affirm the order of the Commission solely on the ground that this interstate train is required to stop at a junction, but we take into consideration the fact of its being a junction point, the size of the place, and the reasonable requirement of facilities for the intrastate traffic. The Corporation Commission having made the order requiring the stopping of such trains, and it being *prima facie,* or presumed to be, correct, just, and reasonable, such presumption has not been affirmatively overcome in this court, and, under such finding

and presumption, we reach the conclusion that the order should be affirmed.

The order is affirmed.

TURNER, C. J., and HAYES and KANE, JJ., concur; DUNN, J., dissents.