Dear General Administrator Edwards
¶ 0 This office has received your letter asking for an official Opinion addressing, in effect, the following questions:
1. Are Corporation Commissioners executive officers, pursuantto Article VI of the Oklahoma Constitution, and if so, is the payincrease for state officers authorized by 74 O.S.Supp. 1994, §250.4, effective for all Corporation Commissioners beginning inJanuary, 1995?
 2. Is the pay increase authorized by 74 O.S.Supp. 1994, §250.4[74-250.4] applicable to a new commissioner appointed or elected tofill an unexpired term?
 I. STATUTE AUTHORIZING SALARY ADJUSTMENTS OF CORPORATION COMMISSIONERS WHOSE TERMS OF OFFICE BEGIN IN, OR AFTER, JANUARY, 1995
¶ 1 Your questions refer to 74 O.S.Supp. 1994, § 250.4[74-250.4] which states in part:
 Pursuant to provisions of the Constitution of the State of Oklahoma from and after the beginning date of a term of office which commences in, or after, January, 1995, the following officers of the State of Oklahoma shall be annually compensated for their services, payable monthly, as follows:
. . . .
 5. Each member of the Corporation Commission shall receive a salary equal to the salary received by an associate district judge in a county with a population of over thirty thousand (30,000)[.]
74 O.S.Supp. 1994, § 250.4[74-250.4] (emphasis added).
¶ 2 The statute grants to each Corporation Commissioner, whoseterm of office commences in, or after, January, 1995, the salary increase authorized in 74 O.S.Supp. 1994, § 250.4[74-250.4]. To determine whether these salary increases apply to all Corporation Commissioners, one must examine the constitutional provisions which may be applicable. There are three constitutional provisions which affect the applicability of salary increases for public officials, they are Article VI, § 1, Article VI, § 34 and Article XXIII, § 10 of the Oklahoma Constitution.
 II. CONSTITUTIONAL RESTRICTION OF SALARY ADJUSTMENTS OF EXECUTIVE BRANCH OFFICERS
¶ 3 Article VI, § 34, places restrictions on salary adjustments of executive officers. Article VI applies to officers of theexecutive department. It provides:
 Each of the officers in this article named shall, at stated times, during his continuance in office, receive for his services a compensation, which shall not be increased or diminished during the term for which he shall have been elected; nor shall he receive to his use, any fees, costs, or perquisites of office or other compensation.
(Emphasis added.)
¶ 4 Article VI, § 34 applies only to Article VI officers, thatis, Executive Branch officers. That being the case, it must be determined whether Corporation Commissioners are Executive Officers under the provisions of Article VI of the Oklahoma Constitution in order to determine whether the salary restriction provisions of Article VI, § 34 apply to Corporation Commissioners. The constitutional provision which defines Executive Branch officers is Article VI, § 1, which states:
 The Executive authority of the state shall be vested in a Governor, Lieutenant Governor, Secretary of State, State Auditor and Inspector, Attorney General, State Treasurer, Superintendent of Public Instruction, Commissioner of Labor, Commissioner of Insurance and other officers provided by law and this Constitution[.]
Okla. Const. art. VI, § 1 (emphasis added).
¶ 5 The question whether Corporation Commissioners are Executive Branch officers, under Article VI, § 1 of the Oklahoma Constitution, was answered by the Oklahoma Supreme Court inState v. Freeman, 440 P.2d 744 (Okla. 1968). In that case, the court had to determine whether Corporation Commissioners were Executive Branch officers to determine whether they were therefore subject to impeachment. In its analysis, the Court found that only Article VI contained the term "and otherofficers provided by law and this Constitution," and concluded that this term did encompass Corporation Commissioners as part of the Executive department. The Court stated:
 Under the above Constitutional provisions, it could not be said that Corporation Commissioners do not fall within the purview of Article VI, § 1, supra, which relates to the executive department.
Freeman, 440 P.2d at 751.
¶ 6 Because Corporation Commissioners come under the purview of Article VI, § 1, any salary adjustment limitations imposed upon executive officers by the Constitution would obviously be imposed upon Corporation Commissioners as well. Article VI, § 34 of the Oklahoma Constitution provides that an officer of the executive department shall receive "a compensation, which shall not be increased or diminished during the term for which he shall have been elected[.]" Thus, no increase in salary can take place during an Executive officer's term.
 III. CONSTITUTIONAL RESTRICTION OF APPOINTED OR ELECTED PUBLIC OFFICERS OTHER THAN THOSE AUTHORIZED BY LAW PASSED BEFORE ELECTION OR APPOINTMENT
¶ 7 The salaries of officials of the executive department are not only subject to the restrictions imposed by Article VI, § 34, but also by the restrictions of Article XXIII, § 10 of the Oklahoma Constitution. Article XXIII, § 10 prohibits changes in salary of any public official after election or appointment to public office, or during a term of office, unless the salary change was authorized by law passed before the term of office began:
 Except wherein otherwise provided in this Constitution, in no case shall the salary or emoluments of any public official be changed after his election or appointment, or during his term of office, unless by operation of law enacted prior to such election or appointment[.]
Okla. Const. art. XXIII, § 10 (emphasis added).
¶ 8 In Barton v. Derryberry, 500 P.2d 281, 282 (Okla. 1992), the Oklahoma Supreme Court found that district attorneys who were elected and assumed office prior to legislation which increased the salary of associate district judges upon which the district attorneys salaries were based, were not entitled to a writ of mandamus requiring implementation of the salary increase:
 We have held that the "unless" phrase referred to above permits a difference in a public officer's salary during his term resulting from the operation of a statute enacted before his election. Thus, the salary of an officer may be increased after his election or during his term of office where the law which operates to increase the salary was enacted prior to his election.
Barton, 500 P.2d at 282.
¶ 9 The Court thus concluded the "unless" phrase only allows salary increases when the law authorizing said increases was enacted and became effective prior to the election of the official.
¶ 10 In one case, Kirk v. Board of Cty. Com'rs Muskogee Cty,595 P.2d 1334 (Okla. 1979), the Oklahoma Supreme Court held that a strict application of the prohibition of Article XXIII, § 10 violated the Federal Constitution's Equal Protection Clause. InKirk, the statutes enacted by the Legislature created two classes of county officials, one class which was given an immediate salary increase and a second class whose salary increase was postponed. The Court held that although ArticleXXIII, § 10 of the Oklahoma Constitution prohibited one class of county officials from receiving an immediate salary increase, there was no rational basis for the discrimination between the salaries of the two classes and that therefore, the application of Article XXIII, § 10 in that particular fact situation
violated federal law. The Court did not, however, rule Article XXIII, § 10 unconstitutional:
 While we do not believe that the constitutional provision is, on its face, a denial of equal protection of the laws as mandated by the Fourteenth Amendment, the application of the provisions in this instance is repugnant to the United States Constitution.
Kirk, 595 P.2d at 1336 (emphasis added).
¶ 11 In discussing the Kirk decision in A.G. Opin. 81-32, the Attorney General opined that the decision "must be narrowly interpreted as controlling only in the factual setting thenbefore the Court." (Emphasis added.) Further, A.G. Opin. 81-229 found that the holding in Kirk was limited to the specific facts at hand, that Article XXIII, § 10 was not held to be unconstitutional and "[t]hus, Art. 23, § 10 is still the controlling law in this state."
¶ 12 Federal case law dealing with the application of a state constitutional provision similar to Article XXIII, § 10 has held that such provisions do not violate the Equal Protection Clause of the United States Constitution. For example, in Kavanaugh v.Brown, 206 F. Supp. 479 (E.D.Mich. 1962), two Justices of the Michigan Supreme Court brought suit alleging that a provision in Michigan's Constitution, which prohibited a change in compensation of government officials during the term in which they were elected, violated the Equal Protection Clause of theFourteenth Amendment to the United States Constitution. The Justices argued that while legislation increased the salaries of other Supreme Court Justices who had served on the Court for a shorter period of time, they were effectively prevented from obtaining the same salary increase by the state constitutional prohibition. The Federal District Court held that since the Michigan constitutional provision served a legitimate purpose, it did not violate the Equal Protection Clause of theFourteenth Amendment to the United States Constitution. The Court stated:
 The purpose of the constitutional inhibition now under consideration is to make sure that the judge and the electorate are advised before he is appointed or elected what his compensation will be, with the assurance that it cannot be changed by the Legislature during the term; that the judge is precluded from using his personal influence or official action to have the Legislature increase his salary; and that at the same time he is protected
against the Legislature and the people from decreasing his compensation after his term begins.
. . . .
 We are unable to say that this provision does not provide equal protection of the laws.
Kavanaugh, 206 F.Supp. at 485 (emphasis added) (citation omitted).
¶ 13 On direct appeal to the United States Supreme Court, the decision of the District Court panel was summarily affirmed inKavanaugh v. Brown, 371 U.S. 35, 83 S.Ct. 143, 9 L.Ed.2d 112
(1962) and thereby became binding precedent for state courts.Hicks v. Miranda, 422 U.S. 332, 95 S.Ct. 2281, 45 L.Ed.2d 223
(1975). Through its summary affirmation of the Kavanaugh case, the United States Supreme Court has established that constitutional provisions such as Article XXIII, § 10 of the Oklahoma Constitution are not violative of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.
¶ 14 Accordingly, under the controlling provisions of Article XXIII, § 10, Corporation Commissioners are only entitled to salary increases that are authorized by law enacted prior to the beginning of their term of office. Thus, any salary increase authorized by 74 O.S.Supp. 1994, § 250.4[74-250.4] enacted and effective prior to the 1994 election would be applicable to any commissioner elected subsequent to the effective date of the statute. The same analysis applies to those Corporation Commissioners who are appointed to fill an unexpired term.
 IV. NEWLY APPOINTED COMMISSIONER, WHOSE TERM BEGAN IN OR AFTER JANUARY, 1995, IS ENTITLED TO NEW HIGHER SALARY
¶ 15 Your second question is whether the salary increase authorized by 74 O.S.Supp. 1994, § 250.4[74-250.4] is applicable to a new Corporation Commissioner who was appointed in January, 1995, to fill the balance of a commissioner's unexpired term. In the case of Carter v. State ex rel. Taylor, 186 P. 464 (Okla. 1919), the Oklahoma Supreme Court, interpreting Article XXIII, § 10 of the Oklahoma Constitution, held that a person appointed to fill an unexpired term of office "will be entitled to draw the salary provided by law at the time that he was inducted into office." (Emphasis added.) In that case, an action was brought by the State of Oklahoma on behalf of a newly appointed member of the State Industrial Commission requesting a Writ of Mandamus to compel the State Auditor to issue a warrant for additional salary authorized by legislation which became effective prior to the new member's appointment and qualification. In affirming the District Court's issuance of a Writ of Mandamus compelling the payment of additional salary, the Supreme Court held:
 A law attempting to change his salary subsequent to his appointment and qualification and before the termination of his present term would fall within the terms of the section of the Constitution, but, when enacted prior to his appointment and prior to his term, is not within the constitutional inhibition.
Carter, 186 P. at 466 (emphasis added).
¶ 16 Since the term of the newly appointed Corporation Commissioner began with his appointment and qualification in January, 1995, and since the salary increase was effective "from and after the beginning date of a term of office which commences in, or after, January, 1995," the newly appointed commissioner would be entitled, pursuant to 74 O.S.Supp. 1994, § 250.4[74-250.4], to the salary increase.
¶ 17 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. The Corporation Commissioners are executive officers underArticle VI, § 1 of the Oklahoma Constitution and thus subject tothe salary adjustment restriction of Article VI, § 34 and ArticleXXIII, § 10 of the Oklahoma Constitution. Therefore, the salaryincrease authorized in 74 O.S.Supp. 1994, § 250.4[74-250.4] isapplicable only to those Corporation Commissioners who areelected following the enactment and effective date of the statutegranting the salary increase.
 2. The salary increase provided for in 74 O.S.Supp. 1994, §250.4[74-250.4], is applicable to those Corporation Commissioners whowere elected or appointed to fill an unexpired term provided saidappointment or election was after the effective date of the lawgranting the salary increase.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
NORMAN D. THYGESEN ASSISTANT ATTORNEY GENERAL CHIEF GENERAL COUNSEL SECTION
STEVEN K. SNYDER ASSISTANT ATTORNEY GENERAL