[No. 12251. Department Two. — December 4, 1889.]

## W. H. LAREW, APPELLANT, *v.* MAURICE NEWMAN, RESPONDENT.

CONSTITUTIONAL LAW — INCREASE OF SALARY OF COUNTY OFFICER — TERM OF OFFICE — VACANCY — COUNTY GOVERNMENT ACT. — Under section 9 of article 11 of the state constitution, prohibiting the increase of compensation of any county officer during his term of office, taken in connection with section 1004 of the Political Code, concerning appointments to fill vacancies in office, an increase of salary, given under the general county government act, which enacted that its provisions for salaries "shall not affect the present incumbents," does not accrue in favor of one appointed to fill a vacancy in an unexpired term of such incumbent, and does not

commence to run until the expiration of the term for which such incumbent had been elected. This result cannot be evaded either by the original incumbent resigning and procuring himself to be reappointed, or by his resigning and allowing some other person to be appointed.

APPEAL from a judgment of the Superior Court of Mariposa County.

The facts are stated in the opinion of the court.

*J. H. Campbell,* for Appellant.

*Maurice Jones,* and *Kellogg & King,* for Respondent.

McFARLAND, J.— This is a proceeding in *mandamus* to compel defendant, auditor of Mariposa County, to draw his warrant in favor of plaintiff for $837.50. In the court below judgment went for defendant, and plaintiff appeals from the judgment, upon the judgment roll alone.

The facts necessary to be here stated are these: W. D. Egenhoff, having in 1882 been elected superintendent of schools of said county, qualified and entered upon the duties of said office on the eighth day of January, 1883, and held the office until March 19, 1884, when he resigned. On said March 19th the plaintiff, by an order of the board of supervisors, was appointed "to serve the unexpired term of W. D. Egenhoff, resigned." Under such appointment plaintiff held the office until the first Monday in January, 1887. He was paid his salary at the rate of $350 per annum; but he contends that he should have been paid at the rate of $650 per annum, and brings this proceeding for the difference.

When Egenhoff took the office, the salary fixed by statute was $350 per annum. Afterward, and before he had resigned, the general county government act (approved March 14, 1883) went into effect, by which the salary of said office was fixed at $650 per annum. This act enacted that its provisions for salaries " shall not affect the present incumbents," and also that a vacancy in an

office should be filled by appointment by the supervisors, " the appointee to hold office for the unexpired term."

Section 9 of article 11 of the state constitution provides that " the compensation of any county . . . . officer shall not be increased after his election, or during his term of office."

Section 1004 of the Political Code provides that " any person elected or appointed to fill a vacancy, after filing his official oath and bond, possesses all the rights and powers, and is subject to all the liabilities, duties, and obligations, of the officer whose vacancy he fills."

We think that, under these constitutional and statutory provisions, plaintiff merely stood in the shoes of Egenhoff, and gained no additional rights. The increased salary did not commence until after the expiration of the term for which Egenhoff had been elected; and that result could not be evaded either by Egenhoff resigning and procuring himself to be appointed, or by his resigning and allowing some other person to be appointed.

The judgment is affirmed.

Thornton, J., and Sharpstein, J., concurred.