[L. A. No. 699.   Department Two.—August 16, 1900.]

C. A. STORKE, Appellant, v. EMIL GOUX, Auditor, etc., Respondent.

OFFICE—VACANCY—COMPENSATION OF APPOINTEE—INCREASE NOT ALLOWED DURING TERM.—The salary attached to a county or municipal office at the beginning of an official term must continue without increase during the entire term for which the officer was elected, notwithstanding the creation of a vacancy in the term, which is filled by the appointment of another.

ID.—CHANGE IN SALARY BEFORE APPOINTMENT—CONSTITUTIONAL LAW.— Notwithstanding the passage of a new county government act increasing the salary of a district attorney in counties of the same class, prior to the appointment of a district attorney to fill a vacancy caused by the death of the original incumbent, but subsequent to the beginning of the original term, the appointee is precluded by section 9 of article I of the constitution from availing himself of the increased salary.

APPEAL from a judgment of the Superior Court of Santa Barbara County.   W. S. Day, Judge.

The facts are stated in the opinion of the court.

C. A. Storke, Appellant *in pro. per.*

Richards & Carrier, and E. W. Squier, District Attorney, for Respondent.

HENSHAW, J.—This is an action in mandate to compel the auditor of the county of Santa Barbara to issue his warrant on the county treasurer, of the county for the salary of petitioner as district attorney, at the rate of two hundred and eight dollars and thirty-three cents a month.   The auditor declined to issue his warrant in that amount, but was willing to issue it for the sum of one hundred and twenty-five dollars per month, which he insisted was the salary of the office of district attorney for the time in question.

The undisputed facts are, that one Oglesby, at the general election held in November, 1894, had been elected to the office of district attorney of the county of Santa Barbara.   He failed to qualify as such district attorney, and thereafter was ap-

pointed to the office by the board of supervisors. After his appointment he qualified and acted as district attorney until February 25, 1898, when he died. Upon the first day of March following, this appellant was appointed by the board of supervisors to fill the vacancy caused by the death of Oglesby. During Oglesby's term it is conceded he was entitled to salary at the rate of one hundred and twenty-five dollars per month, and no more. (County Government Act of 1893; Stats. 1893, p. 450.) In 1897 a new county government act was enacted, which repealed the former act and provided for the compensation of district attorneys, in the class of counties to which Santa Barbara belonged, at the monthly rate which petitioner herein claims. (County Government Act 1897, sec. 179, subd. 8, secs. 232-34.)

The question thus presented is, whether the attempt of the petitioner to draw the increased salary for the unexpired term of Oglesby is violative of section 9 of article XI of the constitution, which provides that: "The compensation of any county, city, town, or municipal officer shall not be increased after his election or during his term of office." This question upon principle is not to be distinguished from that decided in *Larew v. Newman,* 81 Cal. 588, where it was declared that under this article and section of the state constitution the increase of salary given in the general county government act does not accrue in favor of one appointed to fill a vacancy in an unexpired term of a county officer, and does not commence to run until the expiration of the term for which the incumbent had been elected, and that this result cannot be evaded either by the original incumbent resigning and procuring himself to be reappointed, or by his resigning and allowing some other person to be appointed in his place. Indeed, it is conceded by appellant here that the case of *Larew v. Newman, supra,* is authority against his contention, but he asks that that case be reconsidered and overruled. This we are not disposed to do. Upon reconsideration of it we are satisfied not only of the wisdom but of the soundness of the interpretation which it has given to the law.

The judgment appealed from is affirmed.

Temple, J., and McFarland, J., concurred.