[No. 6664.]

HENDERSON v. COUNTY OF BOULDER.

1.  PUBLIC OFFICERS—*Definition*—Every person elected to dis-charge a public duty, who receives compensation for the same, is a public officer. The county judge is within this category—(366).

2.  CONSTITUTIONAL LAW—*Public Officers*—*Increase of Salary*—Plaintiff was elected to the office of county judge of a county which was then in a class in which the salary of that office was declared to be a sum named, and "no more."

During his term of office the county was transferred to another class in which the county judge was, by statute, entitled to an allowance for clerk hire. *Held*, that under the constitu-tion, Sec. 30 Art. V, the plaintiff was not entitled to this allowance—(367).

*Error to Boulder District Court*—Hon. HARRY P. GAMBLE, Judge.

Mr. JUNIUS HENDERSON, plaintiff in error, *pro se.*

Mr. F. S. LUETHI, county attorney, for defendant in error.

Hon. Junius Henderson was elected county judge of Boulder county for the term of four years beginning in January, 1905. At the time of his election Boulder county was, for the purpose of fixing salaries of county officers, a third class county—§ 1936h, Mills' Stats., Rev. Supp.—and the compensation and salary of county judges was regulated and fixed by the following section of the statutes:

"The county judges of the several counties of this state shall receive, as their *only* compensation for their services, an annual salary to be paid quarterly out of the fees and emoluments of their respective offices, and out of the fees of the office of clerk of the county court actually collected and not otherwise, including the amount to be paid by the county, to-wit:    *   *   *

In counties of the second class the sum of three thousand dollars ($3,000.) and twelve hundred dollars ($1200.) for clerk hire. In counties of the third class the sum of three thousand dollars ($3,000.)"

The section then provides that in counties of the first class the county judge shall be allowed a further designated sum per annum for his chief clerk, and then provides:

"In counties of all other classes the compensation of the clerk of the county court shall be a charge upon the county judge, and shall be paid out of the salary herein allowed him, and not otherwise." § 1936p, Mills' Stats., Rev. Supp.

The statute also provided what fees should be charged and collected by the judge of the county court and the clerk of that tribunal for the various official acts which they were required to perform—§§ 1897-1901, *ibid;* and further provided:

"All fees collected by county officers shall be paid over to the county treasurer and shall be kept by him in separate funds to be known as "The County Judges and Clerk of the County Court Fee Fund" * * * and all salaries or compensation of county judges, clerks of county courts    *    *    *    and their deputy or assistant clerks    *    *    *    shall be paid out of such funds, and no others." § 1936c-1, *ibid.*

In 1907 the General Assembly passed the following act:

"That for the purpose of fixing the compensation of the county commissioners and other officers therein, the county of Boulder shall belong to and be known as a county of the second class." Laws 1907, p. 315; § 2566 Rev. Stats.

After this act took effect, Judge Henderson filed with the board of county commissioners of Boulder county a claim for expenses incurred in the sum of $578.63 for clerk hire between July 8th and December

31st, 1907, basing his right to be reimbursed for expenses so incurred upon the ground that by virtue of § 1936p,. *supra,* and the act of 1907 he was entitled to that sum as compensation, at the rate of $1200 per annum for clerk hire after Boulder county became a county of the second class. The earnings of the office of the clerk of the county court of Boulder county for 1907 was in excess of the salary and claim for clerk hire. The claim was disallowed and claimant appealed to the district court. The district court held that the county was not liable for the claim, and rendered a judgment of dismissal. Plaintiff brings the case here for review on error.

Mr. JUSTICE GABBERT delivered the opinion of the court:

The constitution of the state provides as follows:

"Except as otherwise provided in this constitution, no law shall extend the term of any public officer or increase or diminish his salary or emoluments after his election or appointment." Art. V, § 30.

In support of the contention that the judgment of the district court was erroneous, it is urged that the constitutional provision above quoted does not apply to county officers; that it does not affect officers whose salaries are payable out of the fees of the office; that it does not prohibit the allowance of clerk hire where none had been formerly allowed; and that the constitutional provision referred to is not violated by a change of classification so as to allow clerk hire. Every one elected to discharge a public duty who receives a compensation for the same is a public officer. The duties which a county judge is required to perform are certainly public in their nature, and he is, therefore, a public officer within the meaning of the constitution. His salary or compensation per annum is fixed by statute. True, it is payable only out of the fees of the

office allowed the judge and clerk of the county court, but it is, nevertheless, a salary, for he must account to the county for such fees. The question, then, to determine, is, does the constitutional provision inhibiting an increase in the salary of a public officer after his election prevent plaintiff in error from receiving the compensation for clerk hire allowed a county judge in counties of the second class?

We think it is clear that it does. When Judge Henderson was elected the statute fixing his compensation specially provided that his salary should be the sum of $3,000, and no more, out of which he was to pay his own clerk hire. In order that this might be clear and not open to question, the act fixing the salary of county judges in counties of the third class provided explicitly that the compensation of the clerk of the county court in counties of that class should be a charge upon the county judge, and paid out of his salary, and not otherwise. The act of 1907, by making Boulder county a county of the second class, allows the county judge of that county an additional compensation for clerk hire in the sum of $1200. That this increases the salary or compensation of the county judge of Boulder county appears to be too plain to admit of argument. The constitution inhibits such increase for any part of the term for which plaintiff in error was elected, consequently he is not entitled to any allowance for clerk hire.

The judgment of the district court is affirmed.

*Judgment affirmed.*

Decision *en banc.*

CHIEF JUSTICE CAMPBELL and Mr. JUSTICE BAILEY not participating.