[Civ. No. 1894.  Second Appellate District.—May 6, 1916.]

R. W. PRIDHAM et al., Appellants, v. WALTER A. LEWIS, Auditor of Los Angeles County, Respondent.

PUBLIC OFFICERS—SUPERVISORS OF LOS ANGELES COUNTY—COMPENSA-TION—CONSTRUCTION OF CHARTER.—Under the charter of Los Angeles, which provides that it is not intended to affect the tenure of office of any elective officer of the county in office at the time the charter took effect, nor to change the compensation of any such officer during his term, the supervisors of the county, elected before the charter took effect, are entitled only to the salaries fixed by the general laws of the state and not to compensation provided by the charter, and this applies to a supervisor appointed to office after the charter went into effect, to fill a vacancy created by the resignation of one so elected.

APPEAL from a judgment of the Superior Court of Los Angeles County.  John W. Shenk, Judge.

The facts are stated in the opinion of the court.

William H. Fuller, for Appellant.

A. J. Hill, County Counsel, and Robert B. Murphy, Deputy County Counsel, for Respondent.

SHAW, J.—This is an appeal by petitioners from a judgment of the lower court denying them a writ of mandate requiring respondent, as auditor of Los Angeles County, to issue warrants in their favor upon the county treasurer for additional salary claimed by petitioners as members of the board of supervisors of said county.

It appears that the petitioners, Pridham, Norton, and Hinshaw, were, at the general election held in November, 1912, elected members of the board of supervisors of said county for terms expiring in January, 1917, and petitioners Manning and Butler were elected in November, 1910, to like offices for terms expiring in January, 1915. In March, 1914, Butler resigned, and petitioner Woodley was appointed to fill the office for the unexpired term.

At the November election of 1912, the electors of Los Angeles County, for the purpose of local government, adopted a charter, approved and ratified by the legislature on January 29, 1913 [Stats. 1913, p. 1486], section 4 of which is as follows: "The county of Los Angeles shall have a board of supervisors consisting of five members, each of whom must be an elector of the district which he represents, must reside therein during his incumbency, must have been such an elector for at least one year immediately preceding his election, and shall be elected by such district. Their terms of office shall be four years, each shall hold until his successor is elected and qualified, and they shall each receive a salary of $5,000 per year payable monthly from the county treasury. They shall devote all their time during business hours to the faithful service of the public." By section 57 thereof it was provided that said charter should "take effect at noon on the first Monday in June, 1913."

The contention of petitioners is that, notwithstanding the fact that at the time when they were elected the general law fixed their salaries at three thousand dollars per year, they, by virtue of the provision contained in section 4 of said charter, are entitled to compensation for the balance of their terms at the rate of five thousand dollars per annum, from the time when the charter became effective, June 2, 1913. If section 4 as to salaries was the only provision contained in the charter touching the subject, petitioners might with some appearance of reason justify their contention. The section, however, must be read and construed with section 56, which

is as follows: "Nothing in this charter is intended to affect, or shall be construed as affecting, the tenure of office of any of the elective officers of the county or of any district, township or division thereof, in office at the time this charter goes into effect, and such officers shall continue to hold their respective offices until the expiration of the term for which they shall have been elected, unless sooner removed in the manner provided by law; nor shall anything in this charter be construed as changing or affecting the compensation of any such officer during the term for which he shall have been elected." As thus limited in effect, section 4, when applied to petitioners, does not purport to fix their salaries at five thousand dollars per year, but expressly disclaims any intent so to do. It would be difficult to find language more clearly expressing the obvious intent of the framers of the charter, namely: That section 4 shall not be "*construed as changing or affecting the compensation of any such officer* [petitioners] *during the term for which he shall have been elected.*"

The case of *Los Angeles County* v. *Hammel,* 26 Cal. App. 580, [147 Pac. 983], involved a question almost identical with that here considered, and it was there held that, notwithstanding the provisions of section 15 of the charter, which required all officers to pay into the county treasury all fees collected by them, the sheriff elected before the charter went into effect was, nevertheless, by virtue of the limitation contained in section 56, entitled to retain for his own use and as part of his compensation the fees collected by him, since the general law in effect when he was elected so provided. We regard what was there said as determinative of the question here presented. Here, as in that case, we are asked "to adopt one of the express provisions of the charter and make it effective, and discard altogether another plain provision which places a clear limitation upon the effect of the former." In that case we said: "It was altogether within the power of the people in adopting the charter to provide for the compensation to be paid to the officers of the county, and as an incident thereto, it certainly would be within the scope of that power to provide as to when the diminished (or increased) compensation, if any, provided to be paid should commence."

In answer to appellants' contention that their "compensation is $5,000 per annum or nothing," we may suggest that, since the charter in express terms prohibits a construction

of any provision thereof the effect of which would be to change the compensation of such officers during the term for which they were elected, the compensation fixed by general law, and none other, must be deemed the salary to which petitioners are entitled.

The fact, as contended by counsel for appellants, that under the charter the board of supervisors is authorized to fix the salary of the sheriff, while here the salary of the board of supervisors is fixed in the *charter itself*, does not change the meaning and effect of section 56 in limiting and fixing the time when the provision as to salaries contained in section 4 shall become operative. The intention, clearly and unequivocally expressed, was that *all elective county officers* whose terms commenced before the charter went into effect should during such terms continue to draw the salaries which attached to such offices under the general laws of the state.

The cases of *Harrison* v. *Colgan,* 148 Cal. 69, [82 Pac. 674], and *Kingsbury* v. *Nye,* 9 Cal. App. 574, [99 Pac. 985], cited by appellants, have no application to the case at bar. They are authorities in support of the proposition that section 9 of article XI of the constitution, to the effect that the compensation of an officer shall not be increased after his election or during his term of office, is directed to the legislature and not to the people, who are the source of all power. Such, however, is not the question here involved.

What has been said with reference to the members of the board elected, is likewise applicable to Woodley, who, after the charter went into effect, was appointed to fill the vacancy created by the resignation of Butler. (*Storke* v. *Goux,* 129 Cal. 526, [62 Pac. 68]; *Larew* v. *Newman,* 81 Cal. 588, [23 Pac. 227].)

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 5, 1916.