[Civ. No. 6528.   Third Appellate District.—March 13, 1941.]

C. W. ROBBINS, Appellant, v. MARGARET ELAINE LAMBERT, as County Treasurer, etc., Respondent.

W. E. Davies for Appellant.

Alfred R. Lowey for Respondent.

PULLEN, P. J.— The following evidence was presented to the court as an agreed statement of fact:

" . . . During the year 1938, one Carle D. Ross was duly elected to the office of Justice of the Peace of Downieville Township, Sierra County, California; thereafter he duly qualified, assumed and regularly filled that office, beginning January 1939, the term of said office being four years from January 1, 1939, or until the close of the year 1943. The salary of said Justice, from long prior to 1939 and at the time of his election, as provided by law, was fifteen dollars ($15.00) per month.

June 29, 1939, the said justice resigned, and the board of supervisors accepted the said resignation July 5, 1939.

Under date of July 10, 1939, the Board of Supervisors of Sierra County, California, amended or attempted to amend salary Ordinance No. 145, Sierra County Ordinances, and Section 17 thereof, by fixing the salary of the Justice of the Peace of Downieville Township at Sixty-five Dollars ($65.00) per month, an increase of Fifty Dollars per month, declaring that an emergency existed and that the increased salary be effective immediately, this ordinance being known as Salary Ordinance 146.

Later, but on the same day, the said Board of Supervisors appointed the petitioner herein, C. W. Robbins, as Justice of the Peace of Downieville Township, Sierra County, California, and said Justice thereafter qualified and was thereafter paid the increased salary until and including January 1940. Thereafter, and on March 1, 1940, F. H. Turner, Auditor of Sierra County, California, issued Salary Warrant No. 266 in the sum of Sixty-five Dollars in favor of petitioner, C. W. Robbins, who did then present the same to the respondent herein, Margaret Elaine Lambert, as Treasurer of Sierra County, California, and demand payment, but the respondent refused to pay or allow said Warrant out of the Salary Fund or the Treasury or any other Fund of Sierra County. . . . "

To the petition for a writ of mandate to compel the County Treasurer to pay the warrant for the increased salary a demurrer was interposed and sustained without leave to amend, and the writ was discharged. This appeal is from the order of dismissal.

Section 5 of article XI [Const.] provides that "the compensation of any county, township, or municipal officer shall not be increased after his election or during his term of office, nor shall the term of any such officer be extended beyond the period for which he was elected or appointed."

It has, in *Larew* v. *Newman,* 81 Cal. 588 [23 Pac. 227], and *Storke* v. *Goux,* 129 Cal. 526 [62 Pac. 68], been held that a county officer appointed to fill a vacancy is not entitled to the benefit of an increased salary during the term to which his predecessor was elected. A constitutional provision similar to that quoted above (art. XI, sec. 9, repealed in 1933) was held in *Cox* v. *Jerome,* 31 Cal. App. 97 [159 Pac. 884], and *Kilroy* v. *Whitmore,* 115 Cal. App. 43 [300 Pac. 851], to apply to township justices.

Petitioner contends the Larew and the Storke cases, *supra,* can be distinguished from the present case in that the statute there applicable provided that its provisions increasing the compensation "shall not affect present incumbents". We do not consider that statutory provision added anything to the rights of the parties, for the Constitution seemed to have already provided for that situation.

It is the settled law of this state that a county officer appointed to fill a vacancy is not entitled to the benefit of an increased salary during the term to which his predecessor was elected. (*Larew* v. *Newman,* 81 Cal. 588 [23 Pac. 227]; *Storke* v. *Goux,* 129 Cal. 526 [62 Pac. 68].)

In *Larew* v. *Newman, supra,* W. D. Egenhoff had, in 1882, been elected Superintendent of Schools of Mariposa County. He duly qualified as such superintendent and held office until March 19, 1884, when he resigned. On the same day W. H. Larew was appointed by the supervisors of the county "to serve the unexpired term of W. D. Egenhoff, resigned". Under such appointment Larew held office for the balance of the term. He was paid a salary therefor at the rate of $350 a year but contended he should have been paid at the rate of $650 per annum, and by *mandamus* sought to compel the auditor to draw a warrant for the amount he claimed due him.

When Egenhoff took office the salary was fixed by statute at $350 per annum. Afterward, and before he resigned, a General County Government Act had gone into effect fixing various salaries, and that of superintendent of schools at $650 per year. The act recited that the salary provisions "shall not affect the present incumbents", and also that a vacancy in an office should be filled by the supervisors, "the appointees to hold office for the unexpired term". The court there held that Larew merely stood in the shoes of his predecessor in the office and gained no additional rights, and the increased salary did not commence until after the expiration of the term for which Egenhoff had been elected.

In *Storke* v. *Goux, supra,* upon the death of the district attorney of Santa Barbara County in February, 1898, the supervisors, in March of that year appointed C. A. Storke. During his predecessor's term of office the salary had been $125 a month. A few months before his death a new County Government Act had gone into effect which fixed the salary at $208.33 a month. Storke sought to collect the increased compensation and urged the court to overrule the case of *Larew* v. *Newman, supra,* but this the court refused to do and held that the salary which attached to an office at the beginning of an official term, must continue without increase during the entire term for which the officer was elected, notwithstanding the creation of a vacancy in the term which might be filled by the appointment of another.

In *Holbrook* v. *Board of Directors of Imperial Irrigation District,* 8 Cal. (2d) 158 [64 Pac. (2d) 430], the court carefully differentiated the "term of office" and the "tenure of office" and pointed out that the "term of an office" related to the office and not to the incumbent, and that in a "term" of office there may be several "tenures" but the term remains the same.

Appellant seeks support in *Rice* v. *National City,* 132 Cal. 354 [64 Pac. 580]. There, Smith had been elected to the office of city marshal in April, 1896, for the term of two years, and having qualified, entered upon the duties of that office at a salary of $40 a month. His term of office expired April 20, 1898. In March, 1898, a new salary ordinance was passed providing that the city marshal should receive $60 a year. On April 11, 1898, Smith was again elected but failed to qualify. A vacancy was thereby created by Smith

held over until his successor was elected and qualified. In June, 1898, the city trustees adopted a new ordinance raising . the salary of city marshal from $5 a month to $25 a month. Thereupon Smith became a candidate for the office and was appointed by the trustees to fill the office. Certain taxpayers brought an action to enjoin the payment of the increased salary but the court held that the incumbency and the salary were for a new term, which began before Smith took over the office.

We see nothing in that case which would help appellant here. In the instant case, while the tenure may have changed, the original term had not yet expired. The Rice case, *supra,* is made somewhat confusing by using the language "term" of office when it apparently meant the "tenure" of office.

In *Kilroy* v. *Whitmore,* 115 Cal. App. 43 [300 Pac. 851], it was again held in effect that whenever new legislation is enacted which will have the effect of increasing the compensation to be paid to an incumbent officer, such legislation is to be postponed in its effect until the commencement of the new term of office to which the successor of the incumbent may be elected or appointed.

The judgment and order are affirmed.

Thompson, J., and Tuttle, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 8, 1941.