No. 15,759.

LANCASTER ET AL. *v.* BOARD OF COMMISSIONERS OF JEFFERSON COUNTY.

(171 P. [2d] 987)

Decided August 5, 1946.

Mr. J. Fred Schneider, for plaintiffs in error.

Mr. Emory L. O'Connell, for defendant in error.

*En Banc.*

Mr. Justice Stone delivered the opinion of the court.

Effective July 2, 1945, the legislature passed an act reclassifying counties and thereby providing increased salary for county officers. S.L. '45, c. 125. Plaintiffs occupy offices in Jefferson county, affected by the act. All except plaintiff Lancaster had been elected and their terms had begun prior to the passage of the act. Lancaster was appointed subsequently to fill a vacancy caused by resignation of the county treasurer. This action was brought for determination of the rights of plaintiffs to the increased salary provided for in the act, and the district court held that the act could not become effective during the present terms of any of the plaintiffs.

Article IV of the Colorado Constitution, which deals with the executive department of the state, at section 19 provides that the salaries of the executive officers named "shall not be increased or diminished during their official terms." Article XIV, dealing with counties, contains no such limitation, but provides that the officers there named, including all offices occupied by the several plaintiffs here except that of county judge, shall receive such salary or compensation as may be provided by law. Article VI, section 22, contains a similar pro-

vision as to the salary of the county judge. Unless inhibited by some other provision of the Constitution, the act increasing salaries should take effect from July 2, 1945, as to all of plaintiffs. Plaintiffs insist there is no such prohibition. Defendant urges, and the trial court found, that there is such prohibition in Article V, section 30, of the Constitution, which, as amended in 1928, reads as follows:

"The salaries of the governor, the governor's secretary, and the judges of the supreme and district courts of the State shall be fixed by legislative enactment; provided, that the salaries of said officers heretofore fixed by the Constitution shall continue in force until otherwise provided for by legislative enactment."

"No law shall extend the term of any public officer, or increase or decrease his salary, after his election or appointment, as fixed by legislative enactment."

Plaintiffs say that the two paragraphs of section 30 are associated; that the second qualifies the first and refers to the first and controls only the salaries of the officers therein named.

 In determining this question, we note first that the plain language of the prohibition refers to "any public officer"; second, that Article V, to which section 30 belongs, contains the constitutional provisions relative to the legislative department and under that article should properly be included restrictions on the power of the legislature as to terms or salaries of public officers generally, and, third, that the second paragraph of the section is in substance the original provision of the Constitution. As originally adopted, it read as follows: "Except as otherwise provided in this Constitution, no law shall extend the term of any public officer, or increase or diminish his salary or emoluments after his election or appointment; provided, this shall not be construed to forbid the general assembly to fix the salary or emoluments of those first elected or appointed under this Constitution." This prohibition of the Constitution

against increase or decrease of salary of an officer after his election was intended to apply and did apply in the original Constitution to "any public officer." It was amended in 1882 to read as follows: "Except as otherwise provided in this Constitution, no law shall extend the term of any public officer, or increase or diminish his salary or emoluments after his election or appointment; provided that on and after the first day of March, A. D. 1881, the salaries of the following designated public officers, including those thereof who may then be incumbents of such offices, shall be as herein provided, viz.: The governor shall receive an annual salary of $5000.00 and the further sum of $1500.00 for the payment of a private secretary; the judges of the Supreme Court shall each receive an annual salary of $5000.00; the judges of the District Courts shall each receive an annual salary of $4000.00." It is apparent that the naming of certain public officers in that amendment was not intended to limit the constitutional inhibition as to increase or diminution of salary to the officers therein named, and we held in *Henderson v. County of Boulder,* 51 Colo. 364, 117 Pac. 997, that it applied to the office of county judge; rather it was intended to specify in the Constitution the salaries of the certain officers there named. Having these prior provisions in mind, it becomes apparent that the further amendment of 1928 was not intended to change the general inhibition as formerly established, but merely to make possible a change by the legislature in the salaries of the officers therein named, which had theretofore been fixed by the Constitution. Since the 1928 amendment, Article V, section 30, has twice been considered by us as applying to county officers. *Young v. Board of County Com'rs,* 102 Colo. 342, 79 P. (2d) 654, and *Blakeley v. People, ex rel.,* 104 Colo. 206, 89 P. (2d) 1015. The prohibition under the 1928 amendment of Article V, section 30, is against increase of an incumbent's salary, "as fixed by legislative enactment." Prior to the amendment, the salaries

of all plaintiffs herein had been so fixed. The salaries of the officers named in the amendment to section 30 had not been previously fixed by legislative enactment, but by specific provision of the Constitution. Accordingly, under that amendment the legislature was authorized to fix the salaries of the officers therein named, to be immediately effective, but no others. As to all of plaintiffs except Lancaster, we are bound by the constitutional provision against increase of the salary of any public officer after his election.

To determine the right to increased salary of plaintiff Lancaster, who was appointed to his office after the effective date of the act, we have no such certain mandate. In construing similar constitutional prohibitions, it is considered in some jurisdictions that the term belongs to the office and not to the officer; that the appointee to fill a vacancy does not take a new term, but part of that enjoyed by his predecessor, and that the salary is an incident of the term which continues for its statutory period regardless of its incumbents. *State v. Clausen,* 117 Wash. 475, 201 Pac. 770. In other jurisdictions, it is held that the constitutional restriction relates to the officer, not to the office. Often the particular wording of the constitutional provision is invoked as determinative of the rule to be followed. 43 Am. Jur. 144, §351. Applying that test here, our prohibition refers to any public officer, not office, and to his salary and to his election or appointment. Such wording suggests reference to the individual officer rather than the statutory term. Much more persuasive to us are the reasons recognized as prompting such inhibitions. Those reasons are: To remove temptation from the legislature to influence a public officer by threat or promise of salary change, and to remove temptation from the officer to seek for himself increased compensation. Neither of these reasons applies to an officer subsequently appointed to a vacancy more than to an officer subsequently elected to a new term. Where its intended extent is

uncertain, the limit of the purpose should mark the limit of the rule. Accordingly, we are persuaded that the constitutional limitation should not apply to one subsequently appointed to fill a vacancy. Among other cases so holding are: *State ex rel. v. Porter,* 57 Mont. 343, 188 Pac. 375; *Carter v. State ex rel.,* 77 Okla. 31, 186 Pac. 464; *Gaines v. Horrigan,* 72 Tenn. (4 Lea) 608; *State ex rel v. Frear,* 138 Wis. 536, 120 N.W. 216, 16 Ann. Cas. 1019.

The judgment is affirmed as to all plaintiffs except plaintiff Lancaster. As to plaintiff Lancaster, the judgment is reversed with instructions to enter judgment that as to him the salary provided by the amended statute became effective upon its effective date and should be so allowed and paid by the board of county commissioners.