[L. A. No. 25150. In Bank. Mar. 2, 1959.]

WILLIAM B. McKESSON, as District Attorney of the County of Los Angeles, Petitioner, v. JOSEPH M. LOWERY, as Auditor of the County of Los Angeles, Respondent.

William B. McKesson, District Attorney (Los Angeles), in pro per., for Petitioner.

Harold W. Kennedy, County Counsel (Los Angeles), William E. Lamoreaux, Assistant County Counsel, and Donald K. Byrne, Deputy County Counsel, for Respondent.

CARTER, J.—The question presented by this petition for a writ of mandate is whether petitioner is entitled to payment of the salary increase which became effective after his appointment to the office of district attorney of Los Angeles County but prior to his subsequent election to that office for the unexpired term of his predecessor. The factual situation presented by the petition is as follows:

On June 5, 1956, S. Ernest Roll was elected District Attorney of Los Angeles County for a four-year term which was to commence on the first Monday in December of 1956. Mr. Roll died on October 26, 1956. On December 4, 1956, which

was after Mr. Roll's term was to commence, William B. Mc-Kesson, petitioner herein, was appointed to the office of district attorney. He was to hold office until the election and qualification of his successor. (Los Angeles County Charter, § 16.) At the next general election, which was in June, 1958, petitioner was elected for a two-year term, the balance of Mr. Roll's unexpired term.

The salary for district attorney at the time of petitioner's appointment was $23,000 per year. In September, 1957, an ordinance was passed increasing the salary to $25,000 per year. After his election petitioner requested Joseph M. Lowery, the auditor of Los Angeles County, to enter the salary change on the county records and to pay him accordingly. The request was refused, and now petitioner seeks a writ of mandate to compel the county auditor to pay his salary at the increased rate.

Article XI, section 5, of the California Constitution provides that "the compensation of any county, township or municipal officer shall not be increased after his election or during his term of office. . . ." Section 52 of the Los Angeles County Charter provides that "the compensation of any elective county or township officer shall not be increased or diminished during the term for which he was elected, nor within ninety days preceding his election."

█ Petitioner contends that, since the President of the United States has not proclaimed the termination of hostilities in the Korean War, the operation of the above provisions is still suspended pursuant to sections 53070 and 53071 of the Government Code, and he is entitled to the increased salary from the effective date of the ordinance authorizing it, October 18, 1957. Section 53071 suspended the operation of provisions prohibiting the increase of compensation of elective officers during time of war as defined by section 53070. This contention has recently been answered adversely in *Rapp* v. *Gibson, ante,* p. 467 [334 P.2d 575].

█ Petitioner next contends that the constitutional and charter provisions, although precluding his receiving the increased salary during his appointive term, do not so preclude him during his elective term. These provisions, petitioner claims, apply to an officer who is appointed to fill an unexpired term of office, but not to one who is elected to fill the term. It is our opinion that this contention is correct.

█ It is a fundamental rule of statutory construction that the statute be scrutinized in the light of the legislative intent.

█ It is clear that one of the primary purposes of the prohibitions against increases in compensation is to prevent office holders from using their influence and position to secure salary increases after they have been elected. (*Rutledge* v. *City of Eureka,* 195 Cal. 404, 419 [234 P. 82].) Where the increase in salary has been adopted in the portion of the term preceding the election of the one who is to fill the unexpired term, this danger is not present. Whether a candidate is elected is a matter subject to the public will. The candidate himself, of course, cannot be certain of the outcome of the election, and it would indeed be an optimistic candidate who attempted to procure a salary increase for the position to which he is seeking election.

█ The facts of the present case demonstrate the absence of the danger against which the prohibitions are directed. The salary ordinance was enacted some nine months prior to the time of the election. While at that time the petitioner may have decided to become a candidate, he could not know what opposition he would have or what the election results would be. To attempt to secure a salary increase at that time would be the result of mere wishful thinking.

█ There is no need to give the provisions here involved any interpretation broader than that necessary to accomplish their obvious purpose. We hold, therefore, that article XI, section 5, of the California Constitution, and section 52 of the Los Angeles County Charter do not prohibit a salary increase for an officer elected to fill an unexpired term, where the increase is adopted a sufficient time prior to the election to comply with any local provisions. Petitioner is therefore entitled to the increased salary from and after July 1, 1958.

Respondent has cited *Larew* v. *Newman,* 81 Cal. 588, 590 [23 P. 227]; *Storke* v. *Goux,* 129 Cal. 526 [62 P. 68]; *Harrison* v. *Colgan,* 148 Cal. 69 [82 P. 674]; and *Robbins* v. *Lambert,* 43 Cal.App.2d 463 [111 P.2d 5], as controlling authority in this case. Those cases are distinguishable in that they involved persons appointed, not elected, to an unexpired term. █ An appointee stands in the same shoes as his predecessor. Moreover, although the danger of undue influence on the salary-authorizing body is not as great with an appointee as it is with an incumbent officer, the danger is nonetheless sufficient enough to warrant imposition of the constitutional and charter prohibitions.

Let the writ issue directing respondent to pay to petitioner the increased salary for the office of district attorney of Los

Angeles County commencing with the term for which petitioner was elected on June 3, 1958.

Gibson, C. J., Shenk, J., Schauer, J., and McComb, J., concurred.

TRAYNOR, J.—I dissent.

Since 1899 the courts of this state have consistently held that the phrase "his term of office" in article XI, section 5, of the California Constitution means, not the period during which the incumbent holds the office, but the full period of time prescribed by law for the office. (*Larew* v. *Newman*, 81 Cal. 588, 590 [23 P. 227]; *Storke* v. *Goux*, 129 Cal. 526, 527 [62 P. 68]; *Harrison* v. *Colgan*, 148 Cal. 69, 73-75 [82 P. 674]; *Robbins* v. *Lambert*, 43 Cal.App.2d 463, 465 [111 P.2d 5].) Accordingly, there cannot be any increase in salary during the statutory term "regardless of the fact that different persons may successively hold for successive parts of the term, so that one who is elected or appointed after a part of such term has expired cannot have an increase made after the term began, though prior to his election or appointment." (*Harrison* v. *Colgan, supra,* 148 Cal. at 75.)

Under these cases the "term of office" herein is that to which Mr. Roll was elected,[1] and the salary ordinance, enacted after that term commenced, cannot take effect until the commencement of the next term of office in 1960. The majority opinion nevertheless holds that the ordinance became effective on July 1, 1958, the date that petitioner commenced serving the part of the unexpired term for which he was elected. It does not overrule the foregoing cases, but seeks to distinguish them on the ground that they apply only to persons appointed and not to those elected for an unexpired term.

I regard this distinction as meretricious. The express application of section 5 of article XI of the Constitution to "*any*" county officer precludes any implication that only appointed officers are included in its prohibition or that the phrase "his term of office" has one meaning for elected officers and a quite different meaning for appointed officers or varies in meaning according to whether the officer is elected or appointed for the full regular term of the office or for an unexpired part thereof. The section no more permits the exclusion from its operation

---

[1]Section 13 of the Los Angeles County Charter provides that the term of office for district attorney "shall be four years, beginning at noon of the first Monday in December following the election, and ending at noon on the first Monday in December four years thereafter."

of officers elected for part of a regular term than it permits the exclusion of those elected for the full regular term. Nor can such distinctions be drawn from the purpose of the statute. Courts have often declared that the purpose of such a constitutional prohibition is to preclude an officer's using his position to obtain increased compensation during his term of office as well as "unwarranted demands upon the public treasury resulting from a possible concert of action between public officers or expectant candidates for public office." (*Rutledge* v. *City of Eureka,* 195 Cal. 404, 419 [234 P. 82].) These reasons apply as forcefully to an officer subsequently elected as to one subsequently appointed to an unexpired term. (See *Harrison* v. *Colgan, supra,* 148 Cal. 69, 73, 75, 78; *Lancaster* v. *Board of Commissioners,* 115 Colo. 261 [171 P.2d 987, 989, 166 A.L.R. 839]; *Clark* v. *Frohmiller,* 53 Ariz. 286 [88 P.2d 542, 545]; *Thornsberry* v. *City of Campbell* (Mo.App.), 274 S.W. 847, 848; *Wilson* v. *Shaw,* 194 Iowa 28 [188 N.W. 940, 941-942].)

In my opinion the result reached in this case can be justified only by discarding the long established interpretation of the crucial phrase, "*his* term of office." (Italics added.) Were we interpreting this phrase for the first time, I should be disposed to view it as a reference to the term that the officer actually serves. Nevertheless, I would be reluctant to overrule the established interpretation in view of its still current plausibility, enhanced by its long standing. So long as it thus continues acceptable, the serviceable consistency of *stare decisis* should discourage its displacement. I would not undermine that consistency, while purporting to follow the precedents, by freighting the established interpretation with a distinction between elected and appointed officers that compels inequality in the application of the law.

Spence, J., concurred.