379 P.2d 463

A. R. KLEINDIENST, Henry R. Larson, and C. Lawrence Huerta, Industrial Commissioners of Arizona, Petitioners,

v.

Jewel JORDAN as Auditor of the State of Arizona, Respondent.

No. 7697.

Supreme Court of Arizona,

En Banc.

March 6, 1963.

Shimmel, Hill, Kleindienst & Bishop by Morris Rozar, Phoenix, for petitioners.

Robert W. Pickrell, Atty. Gen., by Jerry W. Lawson, Asst. Atty. Gen., for respondent.

STRUCKMEYER, Justice.

This is an original proceeding in mandamus by A. R. Kleindienst, Henry R. Larson and C. Lawrence Huerta, duly appointed Industrial Commissioners of Arizona to compel Jewel Jordan, State Auditor, to honor salary claims authorized by Section 29, Chapter 98, Laws of Arizona 1962. Chapter 98 in general provides for salary increases for various state employees including the Governor and Attorney General.

The basic problem to be resolved is whether the salary increase authorized by the legislature may be properly claimed by Commissioner Huerta for if he can claim the increase the other members of the Commission will be entitled to similar compensations. Constitution of Arizona, Art. 4, Pt. 2, § 17, A.R.S. The events which bear on the problem are set out in their chronological order.

| January 8, 1962 | Term of Jack Cummard, Huerta's Predecessor, Expired. |
| January 19, 1962 | Governor appointed Hugh Belden for a term to expire January 8, 1968. |
| March 21, 1962 | Belden's name withdrawn—no Senate Confirmation. |
| March 22, 1962 | Salary Increase Bill approved by the Governor and filed in the Office of the Secretary of State. |
| March 22, 1962 | Huerta appointed to the Commission and Confirmed by the Senate. |
| March 26, 1962 | Huerta qualified and commenced his duties as a Member of the Industrial Commission. |
| July 1, 1962 | Salary increase effective. |

Art. 4, Pt. 2, § 17 of the Constitution of Arizona provides:

"The Legislature shall never grant any extra compensation to any public officer, agent, servant or contractor, after the services shall have been rendered or the contract entered into, nor shall the compensation of any public officer, other than a justice of the peace, be increased or diminished during *his term of office*; provided, however, that when any legislative increase or decrease in compensation of the members of any court or the clerk thereof, or of any board or commission composed of two or more officers or persons whose respective terms of office are not coterminous, has heretofore or shall hereafter become effective as to any member or clerk of such court, or any member of such board or commission, it shall be effective from such date as to each thereof." (Italics supplied)

The problem to be resolved concerns the correct interpretation of the phrase "his term of office" as used in the Constitution.

There is authority that Huerta's term of office commenced on January 8th, 1962, the date of the expiration of Cummard's term. Bland v. Jordan, 79 Ariz. 384, 291 P.2d 205; Holmes v. Frohmiller, 55 Ariz. 556, 104 P. 2d 156; Clark v. Frohmiller, 53 Ariz. 286, 88 P.2d 542. We said in Bland v. Jordan, supra, quoting from Moore v. Frohmiller, 46 Ariz. 36, 46 P.2d 652, that:

"' * * * The purpose of this law is not only to protect the public against the evil of permitting a public official to use his official power and prestige to augment his own salary, but also to protect him against the equally unjust action of a reduction in his compensation by an unfriendly board having authority to fix the salary. This beneficent legislation removes from the lawmakers the temptation to control the other branches of government by promises of reward in the form of increased compensation or threat of punishment by way of reduced salaries. * * *'"

■ We have reconsidered these decisions and now are of the opinion that they superimpose upon the Constitution a meaning which was not intended and which does not protect the public against the evils the provision was designed to prevent. Huerta was not eligible to act as an Industrial Commissioner prior to March 26th, 1962 when he actually qualified for the office. Until that time it could not be said positively that he would ever, in fact, enter into "his term of office". He was not in a position to use his power and prestige as a public official to obtain an increase in compensation and certainly could have no more influence with the legislature than a public official who might subsequently expect to be appointed or elected to a new term. Since his appointment by the Governor was subject to confirmation by the Senate, A.R.S. § 23-101, subd. B, it can hardly be claimed that he was in a position to be pressured or prevailed upon by threats of reduction or promise of increase in salary since that body had the greater threat of refusal to confirm his appointment.

The construction which arbitrarily ascribes the commencement date of "his term of office" to the time the office became vacant because of the expiration of the term of the former occupant ignores reality. The only result of continuing this construction will be to postpone the realization of a salary increase which the legislature deemed proper and necessary to adequately compensate public officials. We note that under a like constitutional provision, State ex rel. Reuss v. Giessel, 260 Wis. 524, 51 N.W.2d 547, (his term of office) and a similar provision, (their official terms) Lancaster v. Board of Commissioners, 115 Colo. 261, 171 P.2d 987, 166 A.L.R. 839, the phrase under

consideration has been construed as meaning the individual's term rather than the statutory term. Those portions of the decisions in Bland v. Jordan; Holmes v. Frohmiller and Clark v. Frohmiller, supra, indicating a contrary interpretation are expressly disapproved.

The only other point we need mention concerns the circumstance that the pay raise, while enacted into law on March 22, 1962, did not commence until July 1, 1962. This does not render the increase violative of the constitutional provision. An increase in salary which is a result of a law enacted prior to the commencement of the term of office of the officer, but which actually takes effect after the commencement of his term of office, is consistent with Art. 4, Pt. 2, § 17, supra. County of Yuma v. Sturges, 15 Ariz. 538, 140 P. 504; Moore v. Frohmiller, supra; and Bland v. Jordan, supra. This construction is sound and we approve of it. The dangers of pressure and influence are over after the bill is enacted. It is then simply a matter of the passage of time until the increase or decrease is automatically effective.

It is, therefore, the decision of this Court that the salary increase granted to the Industrial Commissioners of Arizona, as enacted by Section 29, Chapter 98, Laws 1962, (A.R.S. § 23–101, as amended) is effective as to C. Lawrence Huerta and not violative of Art. 4, Pt. 2, § 17 of the Constitution of Arizona and accordingly all of the petitioners are entitled to the salary increase as of July 1st, 1962.

The alternative writ of mandamus is therefore made permanent.

BERNSTEIN, C. J., UDALL, Vice C. J., and JENNINGS and LOCKWOOD, JJ., concur.