0292

Shafter McQueen JOHNSTON, Respondent, v. CITY OF MYRTLE BEACH, Appellant.

(321 S. E. (2d) 627)

Court of Appeals

*Otis Allen Jeffcoat, III*, of *Sherrill, Townsend, Moses & Jeffcoat*, Myrtle Beach, and *James B. Richardson, Jr.*, of *Ham & Richardson*, Columbia, *for appellant*.

*John P. Henry*, of *Thompson & Henry*, Conway, *for respondent*.

Heard June 27, 1984.

Decided Oct. 3, 1984.

GARDNER, Judge:

Respondent Johnston (Johnston) brought this declaratory judgment action to determine both the validity and constitutionality of an ordinance proscribing animated signs in the City of Myrtle Beach (the City). The special master found as a matter of law that the ordinance was invalid because it was not enacted in accordance with certain procedural provisions of tit. 6, § 7, South Carolina Code of Laws, 1976, but the master held the ordinance itself to be constitutional if it had been properly enacted. The trial judge confirmed the master's holding and recommendation that the ordinance was invalid, but overruled the recommendation that the ordinance was constitutional on the grounds that it was error to reach the question of constitutionality after having found the statute to be invalid. We disagree in part, reverse in part and remand.

The basis of the appealed order is that the City's authority to enact with ordinance is derived *solely* from § 6-7-10 *et. seq.*, Code of Laws of South Carolina, 1976, and that certain provisions of these statutes were not complied with.

On appeal the City first asserts that its power to enact zoning (sign) ordinances is derived also from tit. 5, ch. 23 of the 1976 Code. We agree that the record reflects that the City complied with this chapter.

In order to affirm the appeal order, we would have to rule that the tit. 5 zoning act, which was written for municipalities only, was repealed by implication upon the later enactment of tit. 6, ch. 7, which concerns regional, county and municipal planning commissions. Title 6, § 7 does not expressly repeal tit. 5, ch. 23 and we hold that it does not do so impliedly.

A succinct resumé of the pertinent law of statutory construction is ably epitomized by our Chief Judge Sanders in the case of *Busby v. State Farm Mut. Auto. Ins. Co.*, 280 S. C. 330, 312 S. E. (2d) 716 (S. C. App. 1984); we quote:

> It must be presumed that the legislature intended to achieve a consistent body of law. In accord with this principle, subsequent legislation is not presumed to effectuate a repeal of existing law in the absence of expressed intent. Repeal by implication is not favored and can be found only where no reasonable construction can

be given to two statutes, other than that they are in irreconcilable conflict with each other. 1 C. Sands, *Sutherland Statutory Construction* § 23.09 (4th Ed. 1972). *See also Lewis v. Gaddy,* 254 S. C. 66, 173 S. E. (2d) 376 (1970), which states the rule as follows:

> It is, of course, well settled that repeal by implication is not favored, and a law should not be construed as impliedly repealing a prior law unless no other reasonable construction can be applied. See cases collected in West's South Carolina Digest, Statutes, [Key No.] 157.
>
> \* \* \* \* \* \*
>
> Statutes *in pari materia* ... have to be construed together and reconciled, if possible, so as to render both operative. See cases collected in West's South Carolina Digest, Statutes, [Key No.] 223.2. *Id.* at 66, 173 S. E. (2d) at 378.

The two statutes are *in para materia.* The common purpose of the two statutes is the delegation to the political subdivisions of the means by which the planning and organization of the given communities can be formulated and effectuated.

Title 5, ch. 23, enacted in 1924, requires (1) that a zoning (planning) commission be appointed, (2) that a hearing be held before making its report to the City governing body, (3) that the City governing body not act until it has received the final report of the zoning commission, and (4) that the governing body pass zoning ordinances in accordance with a comprehensive plan.

By comparison, tit. 6, ch. 7 enacted in 1967 has to do with regional, county and municipal zoning laws and provides for zoning either in concert or by the individual governing authority. When municipalities zone under tit. 6, ch. 7, the provisions of this chapter are very similar with those of tit. 5, ch. 23. Title 6 requires (1) the appointment of a planning (zoning) commission, (2) the perfection of a comprehensive plan with five year increments, (3) the adoption of the plan by the planning commission, (4) that the minutes of the meeting be signed by both the chairman and secretary of the planning commission and (5) that the zoning ordinances be passed in accordance with the comprehensive plan.

After comparing the two statutes, we hold that they exist harmoniously and are designed to the same end. Both chapters result in (1) the appointment of a commission to study zoning laws, future growth, etc., (2) the formation of a comprehensive plan and (3) the requirement that zoning (sign) ordinances be adopted in accordance with a comprehensive plan. We hold that the two statutes are consistent with each other.

Not only do we hold the two chapters to be consistent with each other, but we also hold that the legislature, in enacting ch. 7 of tit. 6, clearly manifested its intention that tit. 5 be preserved as an operative statute. We quote pertinent parts of tit. 6:

§ 6-7-10. Declaration of purpose.

The intent of this chapter is to enable municipalities and counties acting individually or in concert *to preserve and enhance their present advantages.* ... (Emphasis ours.)

\* \* \* \* \* \*

§ 6-7-200. Duties of local or regional councils organized under other laws. Each local or regional council of government *organized under another provision of law* shall submit an informational copy of all plans or studies which it adopts from time to time to the appropriate regional council of governments created under this article. (Emphasis ours.)

The City also appealed the trial judge's ruling that the master erred in reaching and deciding upon the constitutional issues raised by the pleadings because once it was found that the ordinance was invalid the issues of constitutionality became moot. We have no quarrel with this ruling; however, because the trial judge did not consider the master's exhaustive and commendable discussion and recommendation as to the constitutionality of the ordinance, this phase of the case must be remanded for the trial court to pass upon the master's recommendations as to the constitutionality of the order. Accordingly, the judgment below is reversed insofar as it held the ordinance to be invalid and the case is remanded for the trial court's determination as to

whether the recommendation of the master as to the constitutionality of the ordinance be adopted. It is so ordered.

Reversed and remanded.

SANDERS, C. J., concurs.

GOOLSBY, J., concurs in the result.