608 S.E.2d 872

**GREENWOOD COUNTY COUNCIL, Petitioner,**

v.

**Emmett F. BROOKS, Former Interim Clerk of Court for Greenwood County, and Ingram Moon, Interim Clerk of Court for Greenwood County, Respondents.**

No. 25936.

Supreme Court of South Carolina.

Heard Nov. 30, 2004.

Decided Feb. 7, 2005.

---

Charles M. Watson, Jr., of Watson Law Firm, of Greenwood, for Petitioner.

Jon Eric Newlon, of The McCravy & Newton Law Firm, P.A., of Greenwood, for Respondents.

Justice WALLER:

This case was filed in the original jurisdiction of the Court seeking a declaratory judgment determining whether the Greenwood County Council (County) had the authority to reduce the salary of an Interim Clerk of Court. We find the

County did not have the authority to reduce the salary of an Interim Clerk of Court.

## FACTS

In 1999, Louise Davis (Davis), with twenty-eight (28) years experience in the Clerk's Office, was appointed the Interim Clerk of Court for County. Davis notified the County Manager that she expected the same pay as her predecessor and the County complied. In November 2000, Davis was elected as Clerk of Court. On June 30, 2003, Davis retired. She was earning $46,592.00 at the time of her retirement. On the same day, the County passed its budget for the fiscal year 2003–2004 and reduced the salary for the Clerk of Court position to $35,000.

On August 6, 2003, Governor Mark Sanford appointed Emmett Brooks (Brooks) as the Clerk of Court to serve the remainder of Davis' term until January 1, 2005.[1] Apparently, Governor Sanford, unaware of the salary reduction in the County's budget, informed Brooks that he would receive the same salary that Davis had received before she retired. After accepting the appointment, Brooks was informed the salary would be only $35,000.

The County brought this action seeking a determination of whether it had the authority to reduce the Clerk of Court's salary. Brooks answered and counterclaimed. Brooks and the County subsequently settled and as part of the agreement, Brooks resigned. In July 2004, the Governor appointed the current Interim Clerk of Court, Ingram Moon (Moon), and the Court ordered Moon added as a party to this action.[2]

## ISSUE

Did the County have the authority to reduce the salary of the Interim Clerks of Court?

---

1. Probate Judge Frank Addy served the brief interim between Davis' retirement and the Governor's appointment.

2. Moon won in November's general election and her elected term of office begins in January 2005.

## DISCUSSION

■ The County contends it was not prohibited from reducing the salary of the Interim Clerks of Court. Two code sections are applicable to this issue. S.C.Code Ann. § 8–21–300 (Supp.2003) provides, in pertinent part: "The clerks of court and registers of deeds of the several counties shall receive such salaries for performance of their duties as may be fixed by the governing body of the county, *which shall not be diminished during their terms of office . . .*" (emphasis added).

Additionally, S.C.Code Ann. § 4–9–30(7) (Supp.2003) provides the county with the authority:

> to develop personnel system policies and procedures for county employees by which all county employees are regulated *except those elected directly by the people,* and to be responsible for the employment and discharge of county personnel in those county departments in which the employment authority is vested in the county government. This employment and discharge authority does not extend to any personnel employed in departments or agencies under the direction of an elected official or *an official appointed by an authority outside county government* . . . . The salary of those officials elected by the people may be increased but may not be reduced *during the terms for which they are elected . . .*

(emphasis added).

■ Section 4–9–30(7) prohibits the reduction of a salary "during the term for which the official is elected" and § 8–21–300 prohibits a salary reduction during an elected official's "term of office."[3]

---

3. The County contends that the enactment of § 4–9–30(7) in 1987 repealed by implication § 8–21–300 and that Clerks of Court now are covered only by § 4–9–30(7). Repeal by implication is not favored and can be found only where no reasonable construction can be given to two statutes, other than that they are in irreconcilable conflict with each other. *Johnston v. City of Myrtle Beach,* 283 S.C. 288, 290, 321 S.E.2d 627, 628 (Ct.App.1984). We find these two statutes are not irreconcilable and thus § 4–9–30 was not repealed by implication when § 8–21–300 was enacted.

There are no South Carolina cases addressing whether the salary of an interim official appointed to fill an unexpired term can be reduced. However, there have been several Attorney General Opinions which have concluded that the salary may not be reduced during the unexpired term of the office. 1985 Op. Atty. Gen., No. 85-107.[4] Furthermore, several cases from other jurisdictions have also addressed similar prohibitions and held that the phrase "terms of office" means the unexpired term of the previously elected official. *Lee v. Peach Cty. Bd. Of Comm'rs*, 269 Ga. 380, 497 S.E.2d 562 (1998); *McKesson v. Lowery*, 51 Cal.2d 660, 335 P.2d 662 (Ca.1959).

One of the purposes behind legislation which prohibits salary changes during an elected official's term is to establish certainty as to the salary and to prevent elected officials from using undue influence to secure salary increases. *McKesson*, 335 P.2d at 663. Further, increases should be enacted for the benefit of the office and not for the immediate benefit of the particular person holding that office. *State v. Oklahoma Corp. Comm'n*, 971 P.2d 868, 871 n. 4 (Okla.1998)(internal citations omitted). The salary pertaining to an office is an incident to the office itself and not to the individual who holds the office. *Gaffney v. Mallory*, 186 S.C. 337, 341, 195 S.E. 840, 844 (1938). Based upon the foregoing, we conclude that sections 4–9–30 and 8–21–300 prohibit County from reducing an elected official's salary during the terms for which they are elected.

Accordingly, we hold that County did not have the authority to reduce the salary for an Interim Clerk of Court.

TOAL, C.J., BURNETT, PLEICONES, JJ., and Acting Justice KENNETH G. GOODE, concur.

---

4. In fact, the Attorney General has issued several opinions in this case concluding that County impermissibly reduced the salary for the Interim Clerk of Court. 2003 WL 22682936, 2003 WL 22422699, and 2003 WL 22682935 (S.C.A.G.).