UNITED STATES, Appellee

v

FRED L. SANDERS, Basic Airman, U. S. Air Force, Appellant

7 USCMA 21, 21 CMR 147

No. 7836

Decided April 20, 1956

Captain John H. Leonard argued the cause for Appellant, Accused. With him on the brief was Lieutenant Colonel Stanley S. Butt.

Lieutenant Colonel Roger H. Miller argued the cause for Appellee, United

States. With him on the brief were *Lieutenant Colonel Francis P. Murray* and *Lieutenant Colonel Emanuel Lewis.*

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

A special court-martial, sitting at Chitose Air Base, in Japan, convicted the accused of sleeping on post, in violation of Article 113, Uniform Code of Military Justice, 50 USC § 707. The question presented by this appeal is whether the court-martial had jurisdiction of the offense.

If committed "in time of war" a violation of Article 113 is punishable by death, or such other punishment as a court-martial may direct. A special court-martial cannot try a capital case, except in accordance with regulations prescribed by the President of the United States. Article 19, Uniform Code of Military Justice, 50 USC § 579. In the Manual for Courts-Martial, United States, 1951, the President provided that an officer exercising general court-martial jurisdiction over the command which includes the accused and a special court-martial authority empowered by department regulations can refer a capital offense, other than one for which a mandatory punishment is prescribed by the Uniform Code, to a special court-martial for trial. Manual for Courts-Martial, supra, paragraph 15a. Since the President's order suspending the Table of Maximum Punishments for this offense in the Far East was still in effect and the record does not show that a competent authority directed that the case be tried as noncapital, the accused contends that the court lacked power to proceed.

In United States v Bancroft, 3 US CMA 3, 11 CMR 3, this Court held that a "time of war" situation ■ does not result only from a formal declaration of war by the Congress of the United States. See United States Constitution, Article 1, Section 8. We pointed out that a war situation can result from the fact that our armed forces are engaged in actual combat against an organized armed enemy. Necessarily, if the relations between the opposing forces are substantially altered the change can terminate the war. Although a cease-fire order or a formal armistice alone may be insufficient to effect the termination, see Hamilton v McClaughry, 136 F 445 (CC Kan), when that circumstance is combined with other facts indicating that the consequences of actual hostilities are no longer present, the "time of war" condition is ended. In other words, if a "time of war" situation depends upon the existence of actual armed hostilities, United States v Gann, 3 USCMA 12, 13, 11 CMR 12, the cessation of hostilities ends the condition.

An armistice has existed between the United Nations Command, of which our armed forces are a part, ■ and the enemy command from July 27, 1953. Since then, many steps have been taken to end the consequences of the armed conflict. Thus on February 1, 1955, the President ended the period of eligibility of entitlement to certain veterans' benefits for those members of the armed forces participating in the Korean conflict. Proclamation No. 3080, dated January 1, 1955, 20 FR 173. The President also terminated certain income tax benefits for those engaged in combat activities in the Far East. Executive Order No. 10585, dated January 1, 1955, 20 FR 17. Taking into consideration all the circumstances existing on June 4, 1955, the date the offense in this case was committed, the inescapable conclusion is that a "time of war" condition had ended. The special court-martial, therefore, had jurisdiction of the offense.

The decision of the board of review is affirmed.

Judge LATIMER concurs.

Judge FERGUSON did not participate in the decision in this case.