[L. A. No. 25107. In Bank. Feb. 2, 1959.]

LEO D. RAPP, Appellant, v. VERA K. GIBSON et al., Respondents.

Baker, Palmer, Wall & Raymond and Oran W. Palmer for Appellant.

Vera K. Gibson, Albert E. Burton, Joshua H. Hanks, J. Perry Brite, Stanley A. Newman, Charles S. Dumble, LeRoy F. Galyen and Charles H. Shomate, in pro. per., Roy Gargano, County Counsel (Kern), and Dennis McCarthy, Assistant County Counsel, for Respondents.

J. F. Coakley, District Attorney (Alameda), Douglas R. Dunning, Assistant District Attorney, Francis W. Collins, District Attorney (Contra Costa), Clyde H. Larimer, District Attorney (Glenn), William B. McKesson, District Attorney (Los Angeles), Lester J. Gendron, District Attorney (Madera), Leland H. Jordan, County Counsel (Marin), William O. Mackey, District Attorney (Riverside), John B. Heinrich, County Counsel (Sacramento), Richard W. Dickenson, County Counsel (San Joaquin), H. C. Grundell, District Attorney (San Luis Obispo), Keith C. Sorenson, District Attorney (San Mateo), Vern B. Thomas, District Attorney (Santa Barbara), Spencer M. Williams, County Counsel (Santa Clara), James M. Shumway, County Counsel (Solano), Richard M. Ramsey, County Counsel (Sonoma), Frederick W. Reyland, Jr., County Counsel (Stanislaus), Scott K. Carter, District Attorney (Tuolumne), and Roy A. Gustafson, District Attorney (Ventura), as Amici Curiae on behalf of Respondents.

TRAYNOR, J.—Plaintiff, the auditor of Kern County, brought this action for declaratory relief against all of the incumbent elective officers of that county to determine the effective date of a salary ordinance adopted by the Board of Supervisors of Kern County on December 31, 1957, increasing the compensation of these officers. The officers contend that the increase became effective on February 1, 1958, as provided in the ordinance. The auditor contends that the California Constitution prevents the salary ordinance from becoming

effective until after defendants' terms of office expire on January 5, 1959.[1]

The Constitution provides that "the compensation of any county, township or municipal officer shall not be increased after his election or during his term of office, . . ." (art. XI, § 5.) This section was amended in 1944 to permit the Legislature to suspend the provision "for any period during which the United States is engaged in war and for one year after the termination of hostilities therein as proclaimed by the President of the United States." Pursuant to this amendment, the Legislature suspended the provision during "time of war" (Gov. Code, § 53071). "War" is defined in section 53070 of the Government Code as "that period of time commencing: (a) When Congress declares war; or (b) When the armed forces of the United States are engaged in active military operations against any foreign power whether or not after war has been formally declared; . . . and ending one year after the termination of hostilities therein as proclaimed by the President of the United States."

The trial court found that beginning in 1950 the armed forces of the United States were engaged in active military operations in Korea that constituted "hostilities" and a "war" within the meaning of section 53070, subd. (b); that no proclamation has been issued by the President specifically terminating these hostilities; and that under section 53071, the constitutional prohibition against salary increases is still suspended. The court therefore held that the salary increases were effective February 1, 1958. Plaintiff contends that the termination of hostilities in the Korean conflict has been proclaimed by the President and that therefore the salary increases cannot become effective before January 5, 1959, the expiration date of the terms of office during which the salary ordinance was adopted. We agree with this contention.

On January 7, 1955, a presidential proclamation fixing the terminal date of eligibility for certain Korean veteran benefits declared that: "Whereas the armistice between the United Nations Command, on the one hand, and the Korean People's Army and the Chinese People's Volunteers, on the other hand, effective July 27, 1953, has terminated hostilities in said conflict. . . ." (Pres. Proc. No. 3080, 3 C.F.R. 17.)

[1]The ordinance provides that if the provisions of law prohibit the salary increases from becoming effective on February 1, 1958, they should become effective on January 5, 1959, the date of the expiration of defendants' terms of office.

On the same date the President issued Executive Order No. 10585, relating to income tax exemptions of the armed forces, in which he declared that ''January 31, 1955, is designated as the date of termination of combatant activities'' in the Korean conflict. The fact that the immediate purpose of these declarations was to terminate certain veteran benefits does not make them any the less official public proclamations by the President of the termination of the Korean hostilities. The President could hardly be expected to make such declarations unrelated to some specific purpose simply to declare the termination of a formally undeclared war. (See Pye, *The Legal Status of the Korean Hostilities*, 45 Geo. L. J. 45, 58-59; 27 Atty. Gen. Op. 295.) The United States Court of Military Appeals, relying on the foregoing presidential declarations, has held that for purposes of the military code the hostilities in the Korean conflict were at an end before June 4, 1955: ''[T]aking into consideration all the circumstances existing on June 4, 1955, the date the offense in this case was committed, the inescapable conclusion is that a 'time of war' condition has ended.'' (*United States* v. *Sanders,* 7 U.S.C.M.A. 21, 21 C.M.R. 147, 148.)

Since the presidential declarations of January 7, 1955, fulfilled the requirements of article XI, section 5 of the Constitution and sections 53070-53071 of the Government Code, the suspension of the provision prohibiting salary increases terminated on January 7, 1956, one year after the presidential declaration of termination of hostilities. It follows that the salary ordinance of December 31, 1957, did not become effective until after defendants' terms of office expired on January 5, 1959.

The judgment is reversed.

Gibson, C. J., Shenk, J., Carter, J., Schauer, J., Spence, J., and McComb, J., concurred.